UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RON NICHOLS** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **CASE NUMBER: 1:05CV01978 JR** |
| | ) | |
| **SPORT & HEALTH CLUBS, INC.** | ) | |
| | ) | |
| **Defendant** | ) | |

## ANSWER TO COMPLAINT

**SPORT & HEALTH CLUBS, INC.** ("S&H"), by counsel, hereby answers the Complaint of Plaintiff, **Ron Nichols**, and states as follows:

## JURISDICTION AND VENUE[1]

1. Admit that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 on the Title VII and Age Discrimination in Employment Act allegations. Deny that the exercise of supplemental jurisdiction over the negligent infliction of emotional distress allegations is warranted.

2. Deny that any discrimination occurred under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, any other federal law, or the laws of the District of Columbia. Aver that Defendant is unable to respond to claims based on Plaintiff "being a black male in the United States of America."

3. Deny that the exercise of supplemental jurisdiction pursuant to 28 U.S.C. §1367 is warranted in this case.

[1] Plaintiff's Complaint in the "Jurisdiction and Venue," "Background" and "Negligent Infliction of Emotional Distress" sections do not contain numbered paragraphs as required by Rule 10 of the Federal Rules of Civil Procedure. Defendant's Answer includes numbered paragraphs in all sections. Starting with the Factual Allegations section, the Answer will note the numbered paragraph from the Complaint in parenthesis.

LAW OFFICES
BEAN, KINNEY & KORMAN
A PROFESSIONAL CORPORATION
2000 NORTH FOURTEENTH STREET
ARLINGTON, VIRGINIA 22201

4. S&H submits that no answer is required to Plaintiff's statements about how the D.C. Office of Human Rights processed his charge, other than to admit that processing ended with a no probable cause determination on January 11, 2005. To the extent an answer is required, denied.

5. All allegations not expressly admitted in the Jurisdiction and Venue section of the Complaint are denied.

**BACKGROUND**

6. S&H incorporates by reference and hereby restates its responses to the allegations set forth in paragraphs 1 to 5.

7. Deny that any "associate" of S&H assaulted Plaintiff or called him "nigger."

8. Admit that Plaintiff sought to have a customer limit use of a courtesy phone. Admit that the customer called Plaintiff "nigger." Aver that S&H took appropriate corrective action and terminated the membership of the customer.

9. S&H lacks sufficient information about Plaintiff's state of mind to respond to this allegation. To the extent a response is required, denied.

10. S&H lacks sufficient information as to any action between the Metropolitan Police Department and the customer referenced in paragraph 8. To the extent a response is required, denied.

11. Deny that S&H took any disciplinary actions against Plaintiff. Deny that S&H in any way subjected Plaintiff to "various forms of slights, challenges, and outright harassment." Deny all other allegations.

12. Admit that Plaintiff worked as a part-time front desk clerk and that he served as

Manager on Duty one day a week for a period of time. Deny all other allegations.

13. Admit that Plaintiff worked for Defendant from July, 1997 to December, 2004. Deny that S&H demoted or constructively discharged Plaintiff. Deny that S&H reduced Plaintiff's work hours, take-home pay and authority. Admit that Plaintiff was transferred to another work location. Deny that S&H knew the new location would close at the end of December, 2004. Deny that Plaintiff ever was or became anything other than a part-time front desk clerk.

14. Deny that S&H failed to consider Plaintiff for an Assistant Manager position. Deny that Plaintiff ever applied for or indicated any interest in the position. Deny that Plaintiff was more qualified for the position. Deny that S&H failed to consider Plaintiff for any position involving Ms. Blackman.

15. Deny that Plaintiff's length of service was in any way related to employment decisions. Deny that Plaintiff was fired. Aver that Plaintiff and many other employees were laid off when Defendant's lease for the location where Plaintiff worked was terminated.

16. Deny that S&H is "obsessed with behavior of black males." Deny that S&H disciplined Plaintiff "for performing his job duties in an even-handed manner." Deny that S&H in any way discriminated against Plaintiff.

17. Any allegation not specifically admitted is denied.

**FACTUAL ALLEGATIONS**

S&H incorporates by reference and hereby restates its responses to the allegations set forth in paragraphs 1 to 17.

18(1). Admit that Plaintiff started work in 1997 and that the General Manager at the time

of his hire left the company. Deny that Plaintiff was subject to any disparate treatment. Deny that any employee of Defendant called Plaintiff "nigger" or assaulted him. Deny that Defendant took no action against a customer who called Plaintiff "nigger."

19(2). Deny that Plaintiff was scheduled to take five management courses. Aver that courses that were offered previously had been discontinued for reasons wholly unrelated to Plaintiff. Deny that Defendant took any actions to in any way deny Plaintiff the opportunity for advancement. Deny that Defendant in any way withheld commission credit to Plaintiff. Deny all other allegations.

20(3). Deny that Defendant was ever denied sales credit or commissions. Deny that Defendant in any way subjected Plaintiff to a hostile work environment. Deny all other allegations.

21(4). Deny that Plaintiff ever expressed interest in an Assistant Manager position or in working full time. Deny all other allegations.

22(5). Deny that Defendant's Fitness Director assaulted Plaintiff, left a threatening message on Plaintiff's home phone or in any way interfered with Plaintiff's work. Deny that Plaintiff complained to the General Manager or an Assistant Manager. Defendant cannot form a belief as to what worried Plaintiff. To the extent a response is required, this allegation is denied. All other allegations denied.

23(6). Deny that Defendant discriminated or retaliated against Plaintiff with respect to employee awards. Admit that Plaintiff was transferred to another facility in August, 2002. Deny that Defendant knew this facility would later close. Admit that Defendant initiated the transfer. Deny all other allegations.

24(7). Deny that Defendant discriminated in employment on the basis of age, gender or any

other proscribed classifications. Deny that Plaintiff complained about "female favoritism" to Defendant. All other allegations denied.

25(8). Denied.

26. Any allegations not expressly admitted are denied.

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

Defendant is filing a Motion to Dismiss Plaintiff's claim of negligent infliction of emotional distress pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Thus, no answer is required at this time.

**AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to set forth causes of action upon which relief may be granted.

2. Plaintiff has failed to exhaust administrative remedies.

3. Some or all of Plaintiff's claims are barred by applicable statutes of limitation.

4. Defendant established and enforced appropriate policies on discrimination and harassment, and took appropriate remedial actions in response to conduct by a customer such that there are no violations of Title VII or any other discrimination law attributable to Defendant.

5. All actions of Defendant with respect to Plaintiff were made on the basis of legitimate, non-discriminatory, job related reasons.

6. The incident from a customer of Defendant experienced by Plaintiff was an isolated incident. As such, it was not sufficiently severe and pervasive to create a hostile environment under Title VII.

**WHEREFORE**, Defendant respectfully requests that the Complaint be dismissed in its entirety with prejudice.

**SPORT & HEALTH CLUBS, INC.**
**By Counsel**

BEAN, KINNEY & KORMAN, P.C.

By: [signature]

Leo S. Fisher (DC Bar No. 322065)
Philip M. Keating (DC Bar No. 384726)
2000 N. 14th Street, Suite 100
Arlington, VA 22201
(703) 525-4000
(703) 525-2207 (facsimile)
Counsel for Sport & Health Clubs, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Answer was mailed by first class mail, postage prepaid, to Ron Nichols, Plaintiff *pro se*, 1620 Fuller Street, N.W., Washington, DC 20009, on this 28th day of October, 2005.

[signature]
Philip M. Keating