UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RON NICHOLS )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>SPORT & HEALTH CLUBS, INC. )<br>)<br>Defendant ) | CASE NUMBER: 1:05CV01978 JR |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

Defendant, **SPORT & HEALTH CLUBS, INC.** ("S&H"), by counsel, hereby submits this Memorandum of Points and Authorities in support of its Motion to Dismiss the portion of the Complaint of Plaintiff, Ron Nichols, alleging negligent infliction of emotional distress. Defendant submits that this portion of the Complaint should be dismissed because Plaintiff fails to state a claim of negligent infliction of emotional distress upon which relief may be granted. Thus, dismissal is warranted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I.   **Plaintiff has Failed to Set Forth a *Prima Facie* Case of Negligent Infliction of Emotional Distress**

The claim of negligent infliction of emotional distress is a cause of action recognized under the local law of the District of Columbia. The D.C. Court of Appeals established that an individual may recover for negligent infliction of emotional distress "if the distress results from a direct physical injury or if Plaintiff was in the zone of physical danger and was caused by Defendant's negligence to fear for his or her own safety." *District of Columbia v. McNeill*, 613 A.2d 940, 942-943 (D.C. 1992), citing *Williams v. Baker*, 572 A.2d 1062, 1067 (D.C. 1990) (en banc); *Jones v. Howard University, Inc.*, 589 A.2d 419, 423 (D.C. 1991).

Page 2

The first method of establishing a claim of negligent infliction of emotional distress, direct physical injury, is relatively clear. The guidance provided by the D.C. Court of Appeals on this element of the tort establishes that while "the physical injury need not be substantial to sustain a tort claim for negligent infliction of emotional distress, there, nonetheless, must be at least some physical injury." *Asuncion v. Columbia Hospital for Women*, 514 A.2d 1187, 1189 (D.C. 1986). Furthermore, the emotional distress must directly result from the physical injury. *District of Columbia v. McNeill*, 613 A.2d at 943.

The zone of physical danger element of the tort of negligent infliction of emotional distress requires emotional distress that is serious and verifiable. *District of Columbia v. McNeill*, 613 A.2d at 943, citing *Jones v. Howard University*, *supra*, 589 A.2d at 424. Moreover, the D.C. Court of Appeals has held that "in applying the zone of danger rule we must recognize that its logic requires that the Plaintiff's presence in the zone of danger be contemporaneous with her fear for her own safety." *Jones v. Howard University, Inc.*, 589 A.2d at 423.

The allegations of Plaintiff in the present action fail to set forth the required elements of the tort under both the physical injury and zone of danger tests. The portion of the Complaint pleading the claim of negligent infliction of emotional distress states as follows:

> Plaintiff alleges that when Defendant persecuted and discriminated against Plaintiff, Defendant breached Defendant's duty of care to Plaintiff to act as competent and reasonable managers or supervisors and to prevent unlawful conduct in the workplace. When Defendant failed to take any affirmative steps to rectify the discrimination, Defendant also breached a duty of care owed Plaintiff to provide a safe and productive workplace, free from

discrimination, harassment, and retaliation.

As a result of the respective Defendant's actions, omissions, failures, and/or breaches of the duties of care owed to Plaintiff, Plaintiff sustained significant emotional harm. Moreover, the emotional harm Plaintiff sustained was a kind and extent normally expected to occur in any reasonable person subjected to the same unlawfully discriminatory and hostile workplace as that of Plaintiff.

As the Defendant's negligence directly and proximately caused significant emotional harm to Plaintiff, the Defendant is liable for committing the tort of negligent infliction of emotional distress under local District of Columbia law, and Plaintiff is now entitled to recover for that emotional trauma, on an amount to be determined at trial.

Complaint, page 6.

As demonstrated by the language of the Complaint, Plaintiff's claim of negligent infliction of emotional distress is predicated on allegations that Defendant persecuted and discriminated against Plaintiff, failed to act as reasonable managers, and failed to rectify discrimination. Complaint, page 6. There is no claim that Plaintiff suffered any direct physical injury from the alleged discrimination or harassment. Indeed, there is no claim of physical injury at all relating to the alleged negligent infliction of emotional distress. Thus, Plaintiff's claim fails on this ground. *Ryczek v. Guest Services, Inc.*, 877 F. Supp. 754, 764 (D.D.C. 1995).

Similarly, the Complaint contains no allegations that Plaintiff's physical safety was imminently endangered in a manner sufficient to support the zone of danger theory. Rather, all

Plaintiff alleges is that he "sustained significant emotional harm." Complaint, page 6. As such, Plaintiff cannot proceed under the theory of negligent infliction of emotional distress precisely because his complaint does not allege that Defendant's conduct caused him to fear for his safety. *Mackey v. U.S.*, 8 F.3d 826, 831 (D.C. Cir. 1993).

In sum, the failure of Plaintiff to set forth the fundamental requirements of the tort of negligent infliction of emotional distress requires the portion of the Complaint alleging this action to be dismissed. The U.S. Court of Appeals for the District of Columbia succinctly explained the requirements of the tort of negligent infliction of emotional distress as follows:

> The District of Columbia's recovery rule for negligently inflicted emotional distress is as clear as it is stringent, and it does not afford appellant the relief she seeks. To be compensable, emotional distress must "result []  from a direct physical injury." *District of Columbia v. McNeill, 613 A.2d 940, 943 (D.C. 1992); see also Waldon v. Covington, 415 A.2d 1070, 1076 (D.C. 1980)* (same). The D.C. Court of Appeals has carved out one precisely defined exception to this rule: A plaintiff present in the zone of physical danger created by a defendant's negligence, who was made thereby to fear for her own safety, may recover for negligent infliction of "serious" emotional distress even though the defendant's actions created no direct physical impact upon the plaintiff. *Williams v. Baker, 572 A.2d 1062, 1067 (D.C. 1990) (en banc); see also Jones v. Howard Univ., Inc., 589 A.2d 419, 424 (D.C. 1991)* (plaintiff in the zone of danger who suffers "serious and verifiable" emotional [**17] distress even without resultant

physical injury also entitled to damages).

Id.

As was the case in *Mackey v. U.S.*, the allegations pled by Plaintiff do not state a *prima facie* case of negligent infliction of emotional distress under the law of the District of Columbia. Thus, there is no basis for this claim to proceed.

## II. Plaintiff's Complaint Fails to Satisfy the Liberal Requirements of Rule 12(b)(6)

Motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure are designed to test the legal sufficiency of the Complaint. *Kingman Park Civic Association v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003). As such, complaints "should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 47, 2.L.Ed. 2d 80, 78 S. Ct. 99 (1957); see also *Kingman Park Civic Association v. Williams*, 348 F.3d at 1040.

Defendant submits that the portion of Plaintiff's Complaint alleging the tort of negligent infliction of emotional distress fails to satisfy even this liberal standard of pleading. The Complaint pertaining to this tort claim contains no allegation of physical injury, no allegation of presence in a zone of danger, and no allegation that Plaintiff feared for his safety because of the actions of Defendant. Thus, even if it were assumed that everything Plaintiff pled is true, there is no way he would be entitled to relief on the claim of negligent infliction of emotional distress.

Page 6

WHEREFORE, Defendant respectfully submits that Plaintiff's Complaint with respect to the allegations of negligent infliction of emotional distress should be dismissed with prejudice.

Respectfully submitted,

**SPORT & HEALTH CLUBS, INC.**
**By Counsel**

BEAN, KINNEY & KORMAN, P.C.

By: /s/ Philip M. Keating
Leo S. Fisher (DC Bar No. 322065)
Philip M. Keating (DC Bar No. 384726)
2000 N. 14th Street, Suite 100
Arlington, VA 22201
(703) 525-4000
(703) 525-2207 (facsimile)
Counsel for Sport & Health Clubs, Inc.

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Memorandum was mailed by first class mail, postage prepaid, to Ron Nichols, Plaintiff *pro se*, 1620 Fuller Street, N.W., Washington, DC 20009, on this 28th day of October, 2005.

/s/ Philip M. Keating
Philip M. Keating