## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RON NICHOLS** | ) |
| **Plaintiff** | ) |
| | ) |
| | ) |
| **v.** | ) **CASE NUMBER: 1:05CV01978 JR** |
| | ) |
| **SPORT & HEALTH CLUBS, INC.** | ) |
| | ) |
| **Defendant** | ) |

## MOTION FOR SUMMARY JUDGMENT

Defendant, **SPORT & HEALTH CLUBS, INC.**, by counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP"), hereby moves for summary judgment on all counts of the Complaint of Plaintiff Ron Nichols.

Defendant seeks summary judgment on the grounds that Plaintiff has failed to establish a *prima facie* case for his various allegations. Furthermore, Defendant's actions with respect to Plaintiff have been based exclusively on legitimate, non-discriminatory job-related reasons. The basis for the Motion for Summary Judgment is set forth more fully in the accompanying Memorandum of Points and Authorities.

**WHEREFORE**, Defendant, Sport & Health Clubs, Inc., respectfully requests that its Motion for Summary Judgment be granted.

Respectfully submitted,

**SPORT & HEALTH CLUBS, INC.**
**By Counsel**

BEAN, KINNEY & KORMAN, P.C.

By: _____

Leo S. Fisher (DC Bar No. 322065)
Philip M. Keating (DC Bar No. 384726)
2000 N. 14th Street, Suite 100
Arlington, VA 22201
(703) 525-4000
(703) 525-2207 (facsimile)
Counsel for Sport & Health Clubs, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was mailed by first class mail, postage prepaid, to Ron Nichols, Plaintiff *pro se*, 1620 Fuller Street, N.W., Apt. 402, Washington, DC 20009, on this 31st day of March, 2006.

_____
Philip M. Keating

LAW OFFICES
BEAN, KINNEY & KORMAN
A PROFESSIONAL CORPORATION
2000 NORTH FOURTEENTH STREET
ARLINGTON, VIRGINIA 22201

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**RON NICHOLS**     )
            )
   **Plaintiff**     )
            )
**v.**          )  **CASE NUMBER: 1:05CV01978 JR**
            )
**SPORT & HEALTH CLUBS, INC.** )
            )
   **Defendant**    )

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, **SPORT & HEALTH CLUBS, INC.** ("Sport & Health"), by counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP"), hereby submits this memorandum in support of its Motion for Summary Judgment in this action. In addition to FRCP 56, Sport & Health is filing its Motion for Summary Judgment in accordance with the Order of this Court, dated February 28, 2006.

## I. Introduction and Background

Plaintiff filed this action alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 621 et. seq. on October 6, 2005. Plaintiff received a Notice of Suit Rights from the U.S. Equal Employment Opportunity Commission ("EEOC"), dated June 30, 2005, on EEOC Charge Number 10C-2001-00106.

Plaintiff's Complaint sets forth a number of incidents that Plaintiff alleges were unlawful discrimination and retaliation under Title VII and the ADEA. These incidents are set forth a number of times throughout the Complaint but can be summarized as follows:

LAW OFFICES
BEAN, KINNEY & KORMAN
A PROFESSIONAL CORPORATION
2000 NORTH FOURTEENTH STREET
ARLINGTON, VIRGINIA 22201

(1)    Defendant's reaction to a customer calling Plaintiff "nigger;"

(2)    Plaintiff's transfer from the Washington Hilton location of Defendant to the Watergate location of Defendant, which Plaintiff alleges resulted in a constructive discharge, reduced work hours, reduced take-home pay, and reduced authority. In addition, Plaintiff alleges Defendant knew the Watergate facility would be closing when it decided to transfer him;

(3)    Disputes with a Fitness Director, Tom Cong;

(4)    Disputes about commission payments;

(5)    The failure of Defendant to consider Plaintiff for the position of Assistant Manager at the Washington Hilton location;

(6)    The failure of Defendant to allow Plaintiff to take various employer-sponsored courses; and

(7)    The failure of Plaintiff to receive employee rewards issued by Defendant in February, 2002.

Defendant filed its Answer in this action on October 28, 2005 and denies all allegations of discrimination. For the reasons set forth in this memorandum, Defendant submits that summary judgment is warranted and the Complaint should be dismissed in its entirety.

## II.    **Standard of Review**

### A.    **Summary Judgment**.

The standard of review to be utilized by a court considering a motion for summary judgment filed pursuant to FRCP 56 is well established. Specifically, "Rule 56 (c) of the Federal Rules of Civil Procedure provides that summary judgment 'shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law.' By its very terms, this standard provides that the mere

existence of some alleged factual dispute between the parties will not defeat an otherwise properly

supported motion for summary judgment; the requirement is that there be no genuine issue of

material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248; 106 S.Ct. 2505, 2510; 91

L.Ed. 2d 202-211 (1986).

In making the determination of whether summary judgment is appropriate, the Court must

view the evidence in the light most favorable to the party against whom the motion is made and draw

all reasonable inferences in favor of that party. *See, Holcomb v. Powell*, 433 F. 3d 889, 895; 2006

U.S. App. LEXIS 520 (D. D.C. Cir. 2006). However, "a non-moving party must establish more than

the 'mere existence of a scintilla of evidence' in support of its position." *Nurriddin v. Goldin*, 382

F.Supp. 79, 88 (D.C. 2005), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252. The U.S. Court

of Appeals for the D.C. Circuit has instructed as follows:

> "a fact is material" if a dispute over it might affect the outcome of a suit under
> governing law; factual disputes that are "irrelevant or unnecessary" do not affect the
> summary judgment determination. An issue is "genuine" if "the evidence is such
> that a reasonable jury could return a verdict for the nonmoving party." If there are
> no genuine issues of material fact, the moving party is entitled to judgment as a
> matter of law if the nonmoving party "fails to make a showing sufficient to establish
> the existence of an element essential to that party's case, and on which that party will
> bear the burden of proof at trial."

*Holcomb v. Powell*, 433 F.3d at 895, citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct.
2548, 91 L.Ed. 2d 265 (1986).

It is Sport & Health's position that upon review, it will be clear there are no material facts in dispute

and that summary judgment is warranted.

**B.    *Prima facie* case under Title VII and ADEA.**

In addition to the standard of review for a motion for summary judgment, Defendant's Motion and Plaintiff's Response must be assessed in light of the requirements for *prima facie* cases under Title VII and the ADEA. Furthermore, there is a variation of the *prima facie* case established for allegations of retaliation that also must be considered.

In order to set forth a *prima facie* case of discrimination pursuant to Title VII, "the Plaintiff must establish that (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination." *Brown v. Brody*, 199 F.3d 446, 452 (D.C. Cir. 1999). This requirement of a *prima facie* case is flexible and has been applied in a failure to promote setting by requiring that the Plaintiff establish "(1) she is a member of a protected class; (2) she applied for and was qualified for an available position; (3) despite her qualifications, she was rejected; and (4) either someone filled the position or it remained vacant and the employer continued to seek applicants." *Holcomb v. Powell*, 433 F.3d at 895.

The requirements of a *prima facie* case in the retaliation setting are slightly different than those referenced above for allegations of discrimination on the basis of race and age. Specifically, the Plaintiff in a retaliation case must show "(1) that she engaged in statutorily protected activities; (2) that the employer took an adverse personnel action; and (3) that a causal connection existed between the two." *Brown v. Brody*, 199 F.3d at 452-453, citing *Mitchell v. Baldrige*, 759 F.2d 80, 84 (D.C. Cir. 1985).

## C.    Definition of Adverse Employment Action Under Title VII and the ADEA.

There is no dispute in the present action that Plaintiff is a member of a protected class under Title VII and the ADEA. However, the issue of what constitutes an adverse employment action is critically important to the disposition of the present case.

In *Broderick v. Donaldson*, 437 F. 3d 1226 (D.C. Cir. 2000), the U.S. Court of Appeals for

the District of Columbia explained adverse employment action as follows:

> "An 'adverse employment action' within the meaning of *McDonnell Douglas* is 'a
> significant change in employment status, such as hiring, firing, failing to promote,
> reassignment with significantly different responsibilities, or a decision causing
> significant change in benefits.'" *Taylor v. Small*, 358 U.S. App. D.C. 439, 350 F.3d
> 1286, 1293 (D.C. Cir. 2003) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S.
> 742, 761, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998)). "Not everything that makes
> an employee unhappy is an actionable adverse action. Minor and even trivial
> employment actions that an irritable chip-on-the-shoulder employee did not like
> would otherwise form the basis of a discrimination suit." *Russell v. Principi*, 347
> U.S. App. D.C. 222, 257 F.3d 815, 818 (D.C. Cir. 2001) (internal quotation marks
> omitted). While "being 'aggrieved' is necessary to state a claim for retaliation, ... it
> is not sufficient to demonstrate that a particular employment action was adverse."
> *Holcomb v. Powell*, 2006 U.S. App. LEXIS 520, No. 04-5216, slip op. at 20 n.4
> (D.C. Cir. Jan. 10, 2006) (construing 42 U.S.C. § 2000e-16(c)). The employee must
> "experience[] materially adverse consequences affecting the terms, conditions, or
> privileges of employment or future employment opportunities such that a reasonable
> trier of fact could find objectively tangible harm." *Forkkio v. Powell*, 353 U.S. App.
> D.C. 301, 306 F.3d 1127, 1131 (D.C. Cir. 2002) (citing *Brown v. Brody*, 339 U.S.
> App. D.C. 233, 199 F.3d 446, 457 (D.C. Cir. 1999)). "Mere idiosyncracies of
> personal preference are not sufficient to state an injury." *Brown*, 199 F.3d at 457.

*Broderick v. Donaldson*, 437 F.3d at 1226.

The U.S. Court of Appeals for the District of Columbia also has set forth a rule on adverse

action in cases involving transfers within an organization. *Brown v. Brody*, 199 F.3d at 457.

Specifically, the Court stated as follows:

> These developments allow us to announce the following rule: a plaintiff who is made
> to undertake or who is denied a lateral transfer – that is, one in which she suffers no
> diminution in pay or benefits – does not suffer an actionable injury unless there are
> some other materially adverse consequences affecting the terms, conditions, or
> privileges of her employment or her future employment opportunities such that a
> reasonable trier of fact could conclude that the plaintiff has suffered objectively
> tangible harm. Mere idiosyncracies of personal preference are not sufficient to state
> an injury.

*Id.*

**D.**    **Application of McDonnell Douglas Burdenshifting Framework.**

A primary basis for the summary judgment motion is Defendant's assertion, that even considering the facts in the light most favorable to Plaintiff, Plaintiff has failed to set forth a *prima facie* case of discrimination or retaliation under Title VII or the ADEA. However, even if Plaintiff set forth a *prima facie* case, summary judgment is still warranted upon application of the burden shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L.Ed. 2d 668 (1973).

Under the *McDonnell Douglas* framework, "if the Plaintiff satisfies her *prima facie* case, then the employer must "produce admissible evidence that, if believed, would establish that [its] action was motivated by a legitimate, nondiscriminatory reason." *Carter v. George Washington University*, 387 F. 3d 872, 878 (D.C. Cir. 2004), citing *Teneyck v. Omni Shoreham Hotel*, 361 U.S. App. D.C. 214, 365 F. 3d 1139, 1151 (D.C. Cir. 2004). "Once the employer has met this burden of production, the burdenshifting framework disappears, and a court reviewing summary judgment looks to whether a reasonable jury could infer intentional discrimination or retaliation from all the evidence, including "(1) the plaintiff's *prima facie* case; (2) any evidence the plaintiff presents to attack the employer's proffered explanation for its action; and (3) any further evidence of discrimination that may be available to the plaintiff (such as independent evidence of discriminatory statements or attitudes on the part of the employer)." *Carter v. George Washington University*, 387 F.3d at 878, citing *Waterhouse v. District of Columbia*, 353 U.S. App. D.C. 205, 298 F. 3d 989, 992-93 (D.C. Cir. 2002) (quoting *Aka v. Washington Hosp. Ctr.*, 332 U.S. App. D.C. 256, 156 F. 3d 1284, 1289 (D.C. Cir. 1998) (en banc)) (internal quotation marks omitted); see also *Kidd v. District of Columbia*, 340 U.S. App. D.C. 362, 206 F. 3d 35, 46 (D.C. Cir. 2000). The *McDonnell Douglas* framework applies

Page 7

to both Title VII and ADEA cases. *Carter v. George Washington University*, 387 F.3d at 878.

## III.    Plaintiff's Claims of Retaliation Must be Dismissed Due to Failure to Set Forth a Prima Facie Case.

Plaintiff's claims of retaliation as a general matter must fail due to his failure to set forth a

*prima facie* case of retaliation. Specifically, Plaintiff does not allege he engaged in statutorily

protected activity or that there was any causal connection between the protected activity and any

adverse personnel action taken against Plaintiff. *See, Brown v. Brody*, 199 F.3rd at 452-453.

Moreover, none of the actions alleged to have occurred to Plaintiff rise to the level of an adverse

personnel action as required by both Title VII and the ADEA. Specifically, and as explained above,

the U.S. Court of Appeals for the D.C. Circuit has set the standard for adverse employment action

as follows:

> Although "purely subjective injuries," such as dissatisfaction with a reassignment, public humiliation, or loss of reputation, are not adverse actions, the threshold is met when an employee "experiences materially adverse consequences affecting the terms, conditions, or privileges of employment or future employment opportunities such that a reasonable trier of fact could find objectively tangible harm." *Forkkio*, 306 F. 3d at 1130-31 (citing *Brown*, 199 F. 3d at 457); *see also Stewart*, 352 F. 3d at 427. We have also expressly recognized that "reassignment with significantly different responsibilities...generally indicates an adverse action." *Forkkio*, 306 F. 3d at 1131 (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998)).

*Broderick v. Donaldson*, 437 F. 3d 1226; 2006 U.S. App. LEXIS 3248; 97 Fair Empl. Prac. Cas (BNA), (D.C. Cir. 2006).

Given the nature of the Complaint, it is difficult to specifically identify which allegations are

based on retaliation and which are alleged to be direct violations of Title VII and the ADEA. For

this reason, this Memorandum analyzes the incidents by category and addresses the Title VII, ADEA

and retaliation issues in the context of those alleged incidents.

**IV.    Defendant Took Appropriate Action with Respect to the Offensive Behavior of a Guest and In No Way Discriminated Against Plaintiff.**

Plaintiff alleges that a guest at the Washington Hilton Sport & Health facility called Plaintiff a "nigger" and that Defendant, through its manager, "made no effort to discipline or expel his associate from the facility." Defendant agrees that a guest, Fred Schefer, did use the language alleged. However, the evidence in this matter establishes that Defendant took immediate action to investigate the report of Plaintiff and to take action against the customer. **(See Exhibit 1)**. Specifically, the customer was confronted and informed by Carlo Della Mea, the General Manager at the time, that his membership would be terminated if he were involved with any further incident of this type. **(See Exhibit 1)**. When the customer engaged in similar behavior the following month, his membership was terminated . **(See Exhibit 2).**

Plaintiff's charge of discrimination on the basis of Mr. Schefer's conduct lacks merit. First, Mr. Schefer was not an employee or agent of Sport & Health at any time. Second, contrary to Plaintiff's assertion, Sport & Health took immediate action once it learned of the incident by meeting with Mr. Schefer, condemning his conduct, and warning Mr. Schefer that his membership would be revoked if any further incidents occurred. Third, Sport & Health terminated Mr. Schefer's membership as soon as another incident occurred. **(See Exhibits 1 and 2)**. As such, Defendant's actions clearly satisfy the standards set forth in *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 141 L.Ed. 2d 633, 118 S. Ct. 2275 (19998) and *Faragher v. City of Boca Raton*, 524 U.S. 775, 141 L.Ed. 2d 662, 118 S.Ct. 2275 (1999).

The *Faragher* and *Ellerth* framework has been applied to situations involving non-employees. Specifically, while the actions of a customer, patron, or member may be attributable to

the employer in certain circumstances, the employer may avoid liability under Title VII by taking appropriate and immediate measures calculated to rid the workplace of harassing or discriminatory conduct by its customers, patrons, or members. *See, Turnbull v. Topeka State Hospital*, 255 F.3d 1238, 1244 (10th Cir. 2001); *Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062, 1074 (10th Cir. 1998)(holding that a negligence standard applies to an employer's liability for the acts of non-employees). Sport & Health fully satisfied its obligations under Title VII and the ADEA by meeting with Mr. Schefer, unequivocally condemning Mr. Schefer's conduct, and placing Mr. Schefer on notice that his membership would be terminated if he engaged in similar or related conduct.

There also is no evidence that Defendant was anything other than supportive of Plaintiff in response to the actions of a customer and, most importantly, did not take any adverse employment action against Plaintiff as a result of this incident. While it is true Plaintiff alleges in his Complaint that Defendant took a variety of actions against him as a result of the incident with Mr. Schefer, none of these alleged actions satisfy the requirements of a *prima facie* case under the standards for Title VII, ADEA and retaliation cases. Succinctly stated, none of these alleged actions, as explained below, constituted an adverse employment action.

## V.     Plaintiff's Allegations with Respect to His Transfer to and the Closing of the Watergate Facility Must be Dismissed.

There is no dispute that Defendant transferred Plaintiff from the Washington Hilton facility to the Watergate facility in August, 2002. However, Plaintiff's allegation of a transfer to another club cannot meet the adverse personnel action element of the *prima facie* test for discrimination pursuant to Title VII or the ADEA. As set forth above, the governing rule in the District of Columbia Circuit for discrimination cases involving transfers is the following:

> a plaintiff who is made to undertake or who is denied a lateral transfer–that is, one in which she suffers no diminution in pay or benefits–does not suffer an actionable injury unless there are some other materially adverse consequences affecting the terms, conditions, or privileges of her employment or her future employment opportunities such that a reasonable trier of fact could conclude that the plaintiff has suffered objectively tangible harm. Mere idiosyncrasies of personal preference are not sufficient to state an injury.

*Brown v. Brody*, 199 F. 3d at 457. The court's holding in *Brown* applies squarely to this action.

Sport & Health transferred Plaintiff to the Watergate Hotel Club on August 12, 2002 in response to numerous and serious incidents between Plaintiff and guests of the Washington Hilton facility. **(See Exhibit 3)**. In this regard, it is extremely significant that "Mr. Nichols was offered a transfer to the Watergate club at the same rate of pay and number of hours." **(See Exhibits 3 & 5)**. This is further confirmed by the Personnel Record of Plaintiff with Defendant, which reflects the change of location but maintaining the same position and rate of pay. **(See Exhibits 4 & 5)**.

Given this evidence and the prevailing law in the D.C. Circuit, it must be concluded that Plaintiff has failed to establish the existence of an adverse employment action. It is agreed that Plaintiff transferred from the Washington Hilton facility to the Watergate facility. However, he continued to be employed in the same position and received the same rate of pay. Thus, summary judgment must be granted on this aspect of the Complaint as a result of Plaintiff's failure to set forth a *prima facie* case under Title VII or the ADEA. *See, Brown v. Brody*, 199 F. 3d at 457.

Summary judgment also is warranted on the allegations concerning the closing of the Watergate Sport & Health facility and Plaintiff's termination of employment with Defendant. Specifically, Defendant acted at all times with respect to the closing of the Watergate Sport & Health facility on the basis of legitimate, non-discriminatory reasons completely unrelated to Mr. Nichols. In Paragraphs 6 and 8 of the Complaint, Plaintiff alleges that Defendant transferred him to the

Watergate facility in August, 2002, and that Defendant knew at that time that the Watergate facility would close. However, the evidence shows that Defendant did not learn until November 2, 2004 that its lease was being terminated. **(See Exhibit 6)**.

Enclosed is a letter from Monument Realty, Inc. to Mr. Mitch Wald, CEO of Sport & Health Corporation, dated November 2, 2004, indicating that the new landlord of the Watergate Hotel was terminating the lease of Sport & Health within sixty (60) days of the date of the letter. **(See Exhibit 6)**. In this regard, it is extremely important to note that the November 2, 2004 letter explained that a change of ownership at the Watergate Hotel occurred on August 23, 2004 and that it was the new landlord who was terminating the lease. As a result, it is absolutely impossible for Defendant to have known in August, 2002, when it transferred Plaintiff to the Watergate facility, that its lease was going to be terminated over two (2) years later by a new owner of the property.

For these reasons, Defendant's Motion for Summary Judgment with respect to Plaintiff's claims concerning his transfer to the Watergate Sport & Health facility and the termination of operations at that facility should be granted.

## VI.    Plaintiff's Claims Concerning His Interaction with Defendant's Fitness Director Involve No Discriminatory Action

Plaintiff alleges in Paragraph 5 of the Complaint that he was assaulted by the Washington Hilton facility's Fitness Director, Tom Cong. The enclosed affidavit of Tom Cong, which was obtained by the District of Columbia Office of Human Rights ("D.C. OHR"), provides substantial background on the facilities and workings of the Washington Hilton facility. **(See Exhibit 7)**. With respect to Plaintiff, Mr. Cong repeatedly reminded him about the proper procedures for storage of personal belongings. On one particular occasion, Mr. Cong removed Plaintiff's personal items from

the office closet and placed those items on a chair outside of the office. **(See Exhibit 7)**.

When Plaintiff observed his personal items on the chair, he forced his way into the shared office and confronted Mr. Cong. Mr. Cong, at the time, was inside of the office meeting with a member of the Washington Hilton facility. Plaintiff opened the office door, interrupted Mr. Cong's meeting with the member, and impermissibly placed his personal items inside of the closet. Mr. Cong did not oppose Plaintiff's efforts because he sought to avoid a confrontation while a club member was present. **(See Exhibit 7)**.

After his meeting concluded, Mr. Cong approached Plaintiff, explained that Plaintiff's actions were unprofessional, and proceeded to remove Plaintiff's personal items from the closet. Mr. Cong was in the process of removing Plaintiff's personal items when Plaintiff precipitated a physical confrontation. Mr. Cong reminded Plaintiff that the closet was not to be used for personal items, but Plaintiff responded by positioning himself in a physically threatening manner and by simulating the actions of a wrestler. Plaintiff, in fact, threw a punch that he pulled back before making contact with Mr. Cong. Plaintiff also closed a sliding glass door on Mr. Cong's head, causing Mr. Cong to suffer a minor injury. **(See Exhibit 7)**.

Most significantly, the Complaint fails to allege that Mr. Cong physically harassed Plaintiff because of his race or some other proscribed category or that Sport & Health tolerated a work environment in which harassment motivated by race, age, gender, or disability was allowed to occur. In the light most favorable to Plaintiff, a workplace dispute over operating procedures occurred between Plaintiff and Mr. Cong. Plaintiff's allegations simply do not amount to an allegation of discrimination under any federal statute and most assuredly do not constitute the adverse employment action required to state a *prima facie* case under Title VII or the ADEA. *See,*

*Burlington Industries, Inc. v. Ellerth, 524 U.S. at 760 - 761; Broderick v. Donaldson*, 437 F. 3d 1226. Plaintiff was not terminated, did not lose pay or suffer any adverse consequence due to any interaction with Mr. Cong.

**VII.    Plaintiff Has Failed to State a Prima Facie Case Concerning Defendant's  Promotion Decisions**

The Complaint alleges that Sport & Health discriminated against Plaintiff in relation to promotions and related matters.   In particular, Plaintiff alleges he was not allowed to act as a Manager on Duty and was precluded from taking five (5) management courses offered by Defendant. Moreover, Plaintiff alleges that Sport & Health discriminated against him in not hiring him for the Assistant Manager position filled in May of 2002.  Plaintiff's allegations lack any factual foundation and should be dismissed for the reasons set forth below.

As referenced in the Complaint, Plaintiff took  the Sport & Health Manager on Duty Course in 2000, and then served as a part-time Manager on Duty one day per week.   While Plaintiff expressed an interest in taking other management-related courses offered by Sport & Health, such courses were discontinued altogether (for all employees) and for reasons wholly unrelated to Plaintiff. **(See Exhibits 8 and 9)**.   Thus, there is no basis for claims of discrimination as set forth by Plaintiff.   Furthermore, the unavailability of training classes does not constitute an adverse employment action. *See, Burlington Industries, Inc. v. Ellerth, 524 U.S. at 760 - 761; Broderick v. Donaldson*, 437 F. 3d 1226.

Plaintiff also contends that Defendant discriminated against him by hiring someone else to fill an open Assistant Manager position in May,  2002.  The Assistant Manager position is a full-time position.  Plaintiff always was, and continued to be, a part-time employee. **(See Exhibit 10)**.

He never expressed an interest in working full-time. **(See Exhibits 8 and 9)**. Moreover, Plaintiff never informed his General Manager or any representative of Defendant that he was interested in the open Assistant Manager position. **(See Exhibits 8 and 9)**. Therefore, it is clear that Plaintiff cannot satisfy the requirements of a *prima facie* case in a failure to promote context because he cannot show that he applied for the position at issue. *See, Holcomb v. Powell*, 433 F.3rd at 895.

**VIII.   Plaintiff Has Failed To Allege an Adverse Employment Action with Respect to a Variety of Workplace Actions and, Therefore, Has Failed to State a *Prima Facie* Case**

A party alleging instances of discrimination and retaliation under Title VII and the ADEA must make a *prima facie* showing that includes the element that the Defendant took an adverse employment action against the party. *See, Burlington Industries, Inc. v. Ellerth, 524 U.S. at 760 - 761; Broderick v. Donaldson*, 437 F. 3d 1226. Plaintiff cannot make the requisite *prima facie* showing because he has not alleged, and has not suffered, any adverse employment action. The Complaint alleges that Plaintiff was subjected to "various forms of slights, challenges, and outright harassment." This allegation, in addition to lacking specificity, does not amount to an adverse employment action as Plaintiff sustained no loss in pay, no loss in benefits, and no material employment disadvantage. *See, Burlington Industries, Inc. v. Ellerth, 524 U.S. at 760 - 761; Broderick v. Donaldson*, 437 F. 3d 1226.

**A.     Failure to Credit Membership Sales**

The Complaint vaguely alleges that Sport & Health discriminated against Plaintiff by withholding sales commissions to which he was entitled. Plaintiff has not alleged that he was denied a commission with respect to a particular sale or series of sales, nor does the Complaint contain any allegations as to when the purported denial of commissions occurred. Sport & Health denies that

it ever withheld from Plaintiff sales commissions to which he was entitled. **(See Exhibit 5)**. The

Complaint also alleges that Sport & Health discriminated against Plaintiff by withholding sales

commissions to which he was entitled.   Similarly, Plaintiff has not alleged that he was denied a

commission with respect to a particular sale or series of sales, nor does the Complaint contain any

allegations as to when the purported denial of commissions occurred.  Once again, Sport & Health

denies that it ever withheld from Plaintiff sales commissions to which he was entitled.  **(See Exhibit**

**5).**

### B.    Failure to Receive Awards

The allegations in the Complaint  regarding Plaintiff's failure to receive awards do not

constitute an adverse employment action sufficient to state a *prima facie* case under Title VII and

the ADEA.   *See, Burlington Industries, Inc. v. Ellerth, 524 U.S. at 760 - 761; Broderick v.*

*Donaldson*, 437 F. 3d 1226.  Specifically, Plaintiff suffered no material employment disadvantage

as a result of not receiving the "Above and Beyond Employee Recognition Award" or the "Employee

of the Year Award."  Plaintiff did not suffer a decrease in pay or benefits, and the terms of his

employment, including working conditions and privileges, were not altered in any way whatsoever,

let alone a materially adverse way.

Even if Plaintiff could satisfy the adverse personnel action requirement, he cannot establish

that his failure to receive an award was due to unlawful discrimination.  Sport & Health granted both

the  "Employee of the Year Award" and the "Above and Beyond Award" on the basis of legitimate,

non-discriminatory job related criteria wholly unrelated to the race, age, gender, or disability of the

employee candidates. **(See Exhibit 11)**.  Plaintiff simply failed to distinguish himself sufficiently

to warrant receipt of a special award reserved for employees who made exceptional contributions

to Sport & Health.  Accordingly, summary judgment should be granted on these allegations.

## IX.    Conclusion

The standards for deciding motions for summary judgment are well known, as are the obligations of the parties in Title VII and ADEA actions.  In particular, the burden shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. at 792, establishes the requirements for the Plaintiff to set forth a *prima facie* case of discrimination and the corresponding obligations of the Defendant to offer legitimate, non-discriminatory job related reasons for its actions.  *Id.*  At all times, the ultimate burden of proof rests with the Plaintiff.

In the present action, Plaintiff has failed to set forth a *prima facie* case of discrimination under Title VII and the ADEA.  He also has failed to set forth a *prima facie* case of retaliation under those laws.  Defendant has demonstrated with respect to all aspects of the Complaint that no adverse action was taken against Plaintiff and, in some instances, there is no allegation the alleged action was causally related to Plaintiff's race or age.  Morever, with respect to the alleged failure to promote, the evidence shows that Plaintiff did not apply for the position at issue.

Throughout this Memorandum, Defendant also has offered evidence demonstrating that its actions with respect to Plaintiff were based entirely on legitimate, non-discriminatory, job related reasons.  Whether it be the incident with the customer, the transfer from one location to another, interaction with the Fitness Director, and the various allegations concerning commissions and awards, Defendant consistently and repeatedly has offered evidence to substantiate its position that no discrimination occurred in this case.  Thus, Defendant has satisfied its burden in the *McDonnell Douglas Corp. v. Green* framework.  *Id.*

In sum, Defendant respectfully submits that no material facts are in dispute with respect to

the allegations of discrimination under Title VII and the ADEA. On all of the allegations in the Complaint, Plaintiff has either failed to set forth a *prima facie* case as required, or Defendant has offered evidence showing that it acted on the basis of legitimate, non-discriminatory, job related reasons. Moreover, Defendants' actions fully comply with the standards established by the U.S. Supreme Court in *Burlington Industries, Inc., v. Ellerth*, 524 U.S. 742, and *Faragher v. City of Boca Raton*, 524 U.S. 775.

Finally, the applicable case law with respect to motions for summary judgment is clear. Mere allegations from the Plaintiff are insufficient to defeat the motion for summary judgment. As stated by the U.S. Supreme Court, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248. For all the reasons set forth herein, Defendant submits that summary judgment is warranted and should be granted.

**WHEREFORE**, Defendant, Sport & Health, respectfully requests that its Motion for Summary Judgment be granted.

Respectfully submitted,

**SPORT & HEALTH CLUBS, INC.**
**By Counsel**

BEAN, KINNEY & KORMAN, P.C.

By: _____
Leo S. Fisher (DC Bar No. 322065)
Philip M. Keating (DC Bar No. 384726)
2000 N. 14th Street, Suite 100
Arlington, VA 22201
(703) 525-4000
(703) 525-2207 (facsimile)
Counsel for Sport & Health Clubs, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Memorandum was mailed by first class mail, postage prepaid, to Ron Nichols, Plaintiff *pro se*, 1620 Fuller Street, N.W., Apt. 402, Washington, DC 20009, on this 31st day of March, 2006.

_____
Philip M. Keating

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RON NICHOLS** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **CASE NUMBER: 1:05CV01978 JR** |
| | ) | |
| **SPORT & HEALTH CLUBS, INC.** | ) | |
| | ) | |
| **Defendant** | ) | |

### STATEMENT OF MATERIAL FACTS
### AS TO WHICH THERE IS NO GENUINE ISSUE

Defendant, **SPORT & HEALTH CLUBS, INC.**, pursuant to Local Civil Rule 56.1, hereby states that there is no genuine issue in dispute with respect to the following material facts.

1.     Plaintiff is a member of a protected class under Title VII and the ADEA. Complaint, Page 1.

2.     A customer of Defendant's at the Washington Sport and Health facility called Plaintiff a "nigger." Complaint, Page 2; Answer, Paragraph 8.

3.     Defendant took immediate and appropriate action to address the situation with the customer. Answer, Paragraph 8; Memorandum, Exhibit 1.

4.     Defendant subsequently terminated the membership of the customer. Memorandum, Exhibit 2.

5.     Defendant transferred Plaintiff to the Watergate facility in August, 2002 for legitimate, non-discriminatory, job related reasons. Memorandum, Exhibit 3.

6.     Plaintiff's job title, duties and rate of pay remained the same after his transfer to the Watergate facility. Answer, Paragraph 13; Memorandum, Exhibits 3 and 4.

LAW OFFICES
BEAN, KINNEY & KORMAN
A PROFESSIONAL CORPORATION
2000 NORTH FOURTEENTH STREET
ARLINGTON, VIRGINIA 22201

7.      Defendant learned in October, 2004 that its lease at the Watergate facility was going to be terminated.  Memorandum, Exhibit 6.

8.      Plaintiff always was a part-time employee and never expressed interest in full-time employment.  Memorandum, Exhibits 8, 9, and 10.

9.      The Assistant Manager position was a full-time position.  Memorandum, Exhibits 8 and 9.

10.     Plaintiff never expressed any interest in promotion to the position of Assistant Manager and never applied for the position.  Memorandum, Exhibits 8 and 9.

11.     Defendant's Fitness Manager never assaulted or harassed Plaintiff.  Memorandum, Exhibit 7.

12.     Defendant never denied Plaintiff any sales credits or commissions.  Answer, Paragraph 20(3); Memorandum, Exhibit 5.

13.     Defendant never discriminated against Plaintiff with respect to Employee Awards. Answer, Paragraph 23(6); Memorandum, Exhibits 7, 8, 9 and 11.

Respectfully submitted,

**SPORT & HEALTH CLUBS, INC.**
**By Counsel**

BEAN, KINNEY & KORMAN, P.C.

By:    _____
       Leo S. Fisher (DC Bar No. 322065)
       Philip M. Keating (DC Bar No. 384726)
       2000 N. 14th Street, Suite 100
       Arlington, VA 22201
       (703) 525-4000
       (703) 525-2207 (facsimile)
       Counsel for Sport & Health Clubs, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was mailed by first class mail, postage prepaid, to Ron Nichols, Plaintiff *pro se*, 1620 Fuller Street, N.W., Apt. 402, Washington, DC 20009, on this 31st day of March, 2006.

_____
Philip M. Keating