# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

RON NICHOLS                          )
                                     )
    **Plaintiff**              )
                                     )
v.                                   )    **CASE NUMBER: 1:05CV01978 JR**
                                     )
SPORT & HEALTH CLUBS, INC.           )
                                     )
    **Defendant**              )

## DEFENDANT'S REPLY MEMORANDUM  IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

Defendant, **SPORT & HEALTH CLUBS, INC.** ("Sport & Health"), by counsel, and pursuant to Local Civil Rule 7(d), hereby submits this reply memorandum in support of its Motion for Summary Judgment in this action.

## I.    *Pro Se* Status of Plaintiff

Plaintiff filed his Opposition to Defendant's Motion for Summary Judgment on May 9, 2006 acting *pro se*. The Court had authorized the appointment of *pro bono* counsel for Plaintiff and stayed the proceedings in this action pending completion of the attorney appointment process. *Order*, April 10, 2006. However, Plaintiff elected to proceed on his own without benefit of counsel. As a result, the Court lifted the stay of proceedings. *Order*, May 15, 2006.

Plaintiff has been fully apprised of his obligations with respect to a motion for summary judgment and the requirements for an opposition to such a motion. *Order*, April 5, 2006. *See also, Neal v. Kelly*, 963 F. 2d 453 (D.C. Cir. 1992). Even though Plaintiff is acting *pro se*, he is bound by and subject to the procedural and substantive requirements applicable to civil actions, in general, and motions for summary judgment, in particular. Given that Plaintiff has declined to await the

appointment of counsel, he should not be entitled to seek the benefits of a relaxed standard of review due to his *pro se* status.

## II.    Defendant's Statement of Facts As to Which There is No Genuine Issue Should Be Considered Admitted and The Motion for Summary Judgment Granted

Local Civil Rules 7(h) and 56.1 require that "each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement." LcvR 7(h) and 56.1. Defendant submitted this statement with its motion. The party opposing a motion for summary judgment is similarly required to submit with its opposition " a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement." LcvR 7(h) and 56.1. In this case, Plaintiff has failed to submit the statement required by Local Civil Rules 7(h) and 56.1. At best, Plaintiff states on page 10 of the Opposition that "pro se Plaintiff does not agree or stipulate to defendant's accusations in defendant's submissions." *Opposition, page 10*. There is no identification of material facts genuinely in dispute and no references to the record supporting an assertion of material facts genuinely in dispute.

The Local Rules are clear as to what occurs if the party opposing a motion for judgment does not contest statements of material facts. Specifically, Local Rule 7(h) and 56.1 provide as follows: "in determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of materials facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." LcvR 7(h) and 56.1. Defendant

requests that the Court treat its statement of material facts as to which there is no genuine issue as admitted. Further, assuming the statement of material facts as to which there is no genuine issue is ruled admitted, Defendant submits that its motion for summary judgment should be granted in its entirety and the complaint dismissed in its entirety with prejudice.

The importance of compliance with Local Rules 7 (h) and 56.1 is well established and has been affirmed repeatedly by the U.S. Court of Appeals for the D.C. Circuit. See, *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 322 U.S. App. D.C. 35, 101 F.3d 145 (D.C. Cir. 1996); *Gardels v. Central Intelligence Agency*, 205 U.S. App. D.C. 224, 637 F. 2d 770 (D.C. Circ. 1980). Specifically, the Court in *Gardels v. Central Intelligence Agency* stated as follows:

> Requiring strict compliance with the local rule is justified both by the nature of summary judgment and by the rule's purposes. The moving party's statement specifies the material facts and directs the district judge and the opponent of summary judgment to the parts of the record which the movant believes support his statement. The opponent then has the opportunity to respond by filing a counterstatement and affidavits showing genuine factual issues. The procedure contemplated by the rule thus isolates the facts that the parties assert are material, distinguishes disputed from undisputed facts, and identifies the pertinent parts of the record.

Id. at 773. Indeed, failure to comply with Local Civil Rules 7 (h) and 56.1 may be fatal to Plaintiff's position. Id. Given the dispositive nature of the statements in Defendant's submission and the lack of evidence offered by Plaintiff, Defendant's motion for summary judgment should be granted.

**III.  Plaintiffs Opposition Fails To Offer Admissible Evidence of The Existence of Genuine Issues of Material Fact In Dispute Sufficient To Defeat the Motion for Summary Judgment**

The standard of review to be utilized by a court considering a motion for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP") is well established.

Specifically, "Rule 56 (c) of the Federal Rules of Civil Procedure provides that summary judgment 'shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'  By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248; 106 S.Ct. 2505, 2510; 91 L.Ed. 2d 202-211 (1986).

In making the determination of whether summary judgment is appropriate, the Court must view the evidence in the light most favorable to the party against whom the motion is made and draw all reasonable inferences in favor of that party. *See, Holcomb v. Powell*, 433 F. 3d 889, 895; 2006 U.S. App. LEXIS 520 (D. D.C. Cir. 2006).  However, "a non-moving party must establish more than the 'mere existence of a scintilla of evidence' in support of its position." *Nurriddin v. Goldin*, 382 F.Supp. 79, 88 (D.C. 2005), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252. The U.S. Court of Appeals for the D.C. Circuit has instructed as follows:

> "a fact is material" if a dispute over it might affect the outcome of a suit under governing law; factual disputes that are "irrelevant or unnecessary" do not affect the summary judgment determination.  An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  If there are no genuine issues of material fact, the moving party is entitled to judgment as a matter of law if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

*Holcomb v. Powell*, 433 F.3d at 895, citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986).

Plaintiff's Opposition to the Motion for Summary Judgment consists almost entirely of a re-statement of his opinions as to how Defendant conducted its business, how Defendant treated him and his interpretation of the motives of Defendant and its employees.   What is lacking in the Opposition and the accompanying exhibits is sufficient evidence to permit a reasonable jury to return a verdict for Plaintiff. *See, Holcomb v. Powell*, 433 F.3d at 895, citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986).   In particular, there is no evidence that the legitimate, non-discriminatory reasons proffered by Defendant for its actions are pretext or that any of the purported actions of Defendant were discriminatory. *Aka v. Washington Hospital Center*, 156 F. 3d 1284, 1288-1289 (D.C. Cir. 1998), citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 36. L.Ed. 2d 668, 93 S. Ct. 1817 (1973); *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 57 L.Ed. 2d 207, 101 S. Ct. 1089 (1981). In this regard, it is well established that the burden of persuasion at all times remains with the Plaintiff. *Aka v. Washington Hospital Center*, 156 F. 3d at 1289.

It also is well established that "the party opposing a motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Al-Mahdi v. District of Columbia Public Schools*, 2005 U.S. Dist. LEXIS 38670 (D.D.C. 2005), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248. Furthermore, "Rule 56 contemplates that the summary judgment motion shall be accompanied and opposed by "supporting and opposing affidavits ... made on personal knowledge, [which] shall set forth such facts as would be admissible in evidence." *Neal v. Kelly*, 963 F.2d at 457 ; See also FRCP 56(e).  A verified complaint also may be used to oppose a motion for summary judgment.  Id.

Plaintiff has not submitted valid affidavits or a verified complaint in opposition to the motion for summary judgment. As a result, there is no admissible evidence offered to satisfy his burden of proving pretext and discrimination on the part of Defendant.

## IV.    Plaintiff Fails to Set Forth a Prima Facie Case of Discrimination Due to the Lack of Adverse Employment Action and the Lack of Any Evidence of Discrimination

One of the elements of a prima facie case of discrimination, whether under Title VII, the Age Discrimination in Employment Act ("ADEA"), or for claims of retaliation, is that the employer have taken an adverse employment action against the complaining party. *Brown v. Brody*, 199 F.3d 446, 452 (D.C. Cir. 1999). In *Broderick v. Donaldson*, 437 F. 3d 1226 (D.C. Cir. 2000), the U.S. Court of Appeals for the District of Columbia explained adverse employment action as follows:

> "An 'adverse employment action' within the meaning of *McDonnell Douglas* is 'a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits.'" *Taylor v. Small*, 358 U.S. App. D.C. 439, 350 F.3d 1286, 1293 (D.C. Cir. 2003) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998)). "Not everything that makes an employee unhappy is an actionable adverse action. Minor and even trivial employment actions that an irritable chip-on-the-shoulder employee did not like would otherwise form the basis of a discrimination suit." *Russell v. Principi*, 347 U.S. App. D.C. 222, 257 F.3d 815, 818 (D.C. Cir. 2001) (internal quotation marks omitted). While "being 'aggrieved' is necessary to state a claim for retaliation, ... it is not sufficient to demonstrate that a particular employment action was adverse." *Holcomb v. Powell*, 2006 U.S. App. LEXIS 520, No. 04-5216, slip op. at 20 n.4 (D.C. Cir. Jan. 10, 2006) (construing 42 U.S.C. § 2000e-16(c)). The employee must "experience[] materially adverse consequences affecting the terms, conditions, or privileges of employment or future employment opportunities such that a reasonable trier of fact could find objectively tangible harm." *Forkkio v. Powell*, 353 U.S. App. D.C. 301, 306 F.3d 1127, 1131 (D.C. Cir. 2002) (citing *Brown v. Brody*, 339 U.S. App. D.C. 233, 199 F.3d 446, 457 (D.C. Cir. 1999)). "Mere idiosyncracies of personal preference are not sufficient to state an injury." *Brown*, 199 F.3d at 457.

*Broderick v. Donaldson*, 437 F.3d at 1226.

The U.S. Court of Appeals for the District of Columbia also has set forth a rule on adverse

action in cases involving transfers within an organization. *Brown v. Brody*, 199 F.3d at 457.

Specifically, the Court stated as follows:

> These developments allow us to announce the following rule: a plaintiff who is made to undertake or who is denied a lateral transfer – that is, one in which she suffers no diminution in pay or benefits – does not suffer an actionable injury unless there are some other materially adverse consequences affecting the terms, conditions, or privileges of her employment or her future employment opportunities such that a reasonable trier of fact could conclude that the plaintiff has suffered objectively tangible harm. Mere idiosyncracies of personal preference are not sufficient to state an injury.

*Id.*

In addition to the procedural and evidentiary failures discussed above, a review of the various assertions set forth in Plaintiff's Opposition confirms that he has not satisfied his burden with respect to proving the existence of a *prima facie* case under the *McDonnell Douglas* framework.

With respect to his transfer to the Watergate facility, Plaintiff does not contest that he remained in the same job at the same rate of pay. Rather, he argues that he worked fewer hours following the transfer. However, as to why he worked fewer hours, all Plaintiff asserts is that "the reduction in pay, hours and work status by defendant cannot be considered accidental." *Opposition, Page 2*. The evidence he produces is a memorandum that outlines what his hours were in August 2002 and reflects that they will be changing after Labor Day of 2002. *Plaintiff's Exhibit 5*. There is no evidence that this memorandum or any statements in it are in any way discriminatory, or that Defendant engaged in any discriminatory behavior with respect to Plaintiff's hours of work.

Plaintiff's purported evidence that Defendant knew the Watergate location was going to close when it transferred him August 2002 consists of a portion of a Washington Post article about Watergate residents objecting to co-op proposals. *Plaintiff's Exhibit 5*. As best counsel can tell, there is no mention of Defendant's operations in the article. In contrast, Defendant offered in

support of its motion for summary judgment the letter received by Defendant in November 2004

terminating the lease at the end of December 2004. *Defendant's Exhibit 6*. It is telling that this letter

is on behalf of an entity that did not become owner of the Watergate complex until August 2004,

some 2 years after Plaintiff's transfer. *Defendant's Exhibit 6*.

Plaintiff also alleges a number of purported slights with respect to paperwork procedures and

commissions and alleges that Defendant told Plaintiff to "take it or leave it." *Opposition, Page 2*.

Plaintiff's Exhibit 4, which Plaintiff cites as support for this set of allegations, does not appear to be

related to the issues raised, and certainly contains no evidence of discrimination on the part of

Defendant.  Similarly, Plaintiff's various accusations involving company procedures, employee

awards, training classes and additional alleged slights and instances of favoritism all are lacking both

in factual evidence and evidence that any discriminatory behavior occurred. *Opposition, pages 3 -*

*8*. For example, the fact that Paul Barnedo received an employee recognition award from Defendant

that Plaintiff also received, bears no relationship at all to the decision to promote Mr. Barnedo.

*Opposition,  Page 3*.  Moreover, none of the actions alleged to have occurred to Plaintiff rise to the

level of an adverse personnel action as required by both Title VII and the ADEA.  Specifically, and

as explained above, the U.S. Court of Appeals for the D.C. Circuit has set the standard for adverse

employment action as follows:

> Although "purely subjective injuries," such as dissatisfaction with a reassignment,
> public humiliation, or loss of reputation, are not adverse actions, the threshold is met
> when an employee "experiences materially adverse consequences affecting the terms,
> conditions, or privileges of employment or future employment opportunities such that
> a reasonable trier of fact could find objectively tangible harm." *Forkkio*, 306 F. 3d
> at 1130-31 (citing *Brown*, 199 F. 3d at 457); *see also Stewart*, 352 F. 3d at 427.

*Broderick v. Donaldson*, 437 F. 3d 1226; 2006 U.S. App. LEXIS 3248; 97 Fair Empl. Prac.

Cas (BNA), (D.C. Cir. 2006).

Plaintiff's allegations with respect to disputes he had with Tom Cong further prove that Plaintiff has failed to satisfy his burdens under the *McDonnell Douglas* framework and with respect to the motion for summary judgment. Specifically, Plaintiff attributes Mr. Cong's purported difficulties with Plaintiff as being based on jealousy. According to Plaintiff, "Tom seemed jealous of plaintiff's ability and educational standing (plaintiff holds MA, MBA and PhD, while Tom has a graduate degree)." *Opposition, Page 9*. Further, Plaintiff was bothered that Mr. Cong hung his single graduate degree upon the wall of the main office" and asserts that "when Tom learned plaintiff had respect of club clientele & outstripped Tom in educational background, Tom treated plaintiff in a resentful manner as well." *Opposition, Page 10*. Again, Plaintiff has failed to provide any evidence of pretext or discrimination. The only reference at all to discrimination with respect to Plaintiff's interaction with Tom Cong is Plaintiff's opinion that "Tom had a tendency to treat black males in a derisive manner." *Opposition, Page 10*. This is not admissible evidence.

In sum, it is clear that there are many things about Defendant and how it operates its business that Plaintiff did not like. Moreover, it is clear that Plaintiff believes Defendant treated him unfairly. However, those two facts are unrelated to and, in fact, irrelevant to the determination of whether Plaintiff has satisfied his burdens under the McDonnell Douglas framework and the requirements of FRCP 56. Plaintiff has produced no evidence that any of the legitimate, non discriminatory reasons of Defendant for its actions are pretext or that Defendant engaged in any discriminatory actions with respect to Plaintiff.

## V.    Conclusion

The standards for deciding motions for summary judgment are well known, as are the

obligations of the parties in Title VII and ADEA actions. In particular, the burdenshifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. at 792, establishes the requirements for the Plaintiff to set forth a *prima facie* case of discrimination and the corresponding obligations of the Defendant to offer legitimate, non-discriminatory job related reasons for its actions. *Id*. At all times, the ultimate burden of proof rests with the Plaintiff.

In the present action, Plaintiff has failed to set forth a *prima facie* case of discrimination under Title VII and the ADEA. He also has failed to set forth a *prima facie* case of retaliation under those laws. Defendant has demonstrated with respect to all aspects of the Complaint that no adverse action was taken against Plaintiff and, in some instances, there is no allegation the alleged action was causally related to Plaintiff's race or age. Morever, with respect to the alleged failure to promote, the evidence shows that Plaintiff did not apply for the position at issue.

Throughout the original Memorandum in Support of the Motion for Summary Judgment and this Reply Memorandum, Defendant has offered evidence demonstrating that its actions with respect to Plaintiff were based entirely on legitimate, non-discriminatory, job related reasons. Whether it be the incident with the customer, the transfer from one location to another, interaction with the Fitness Director, and the various allegations concerning commissions and awards, Defendant consistently and repeatedly has offered evidence to substantiate its position that no discrimination occurred in this case. Thus, Defendant has satisfied its burden in the *McDonnell Douglas* framework. *Id*.

In contrast, Plaintiff has provided repeated recitations of his opinions and theories without any admissible evidence to support them. Plaintiff has failed to adequately respond to the motion for summary judgment both procedurally and substantively. Mere allegations from the Plaintiff are

insufficient to defeat the motion for summary judgment. As stated by the U.S. Supreme Court, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248.

In sum, Defendant respectfully submits that no material facts are in dispute with respect to the allegations of discrimination under Title VII and the ADEA. On all of the allegations in the Complaint, Plaintiff has either failed to set forth a *prima facie* case as required, or Defendant has offered evidence showing that it acted on the basis of legitimate, non-discriminatory, job related reasons. Moreover, Plaintiff has offered no evidence that any of the legitimate, non-discriminatory reasons for Defendant's actions are pretext or that any actions of Defendant were in any way discriminatory. For all the reasons set forth herein, Defendant submits that summary judgment is warranted and should be granted.

**WHEREFORE**, Defendant, Sport & Health, respectfully requests that its Motion for Summary Judgment be granted and the Complaint be dismissed in its entirety with prejudice.

Respectfully submitted,

**SPORT & HEALTH CLUBS, INC.**
**By Counsel**

BEAN, KINNEY & KORMAN, P.C.

By: _____
Leo S. Fisher (DC Bar No. 322065)
Philip M. Keating (DC Bar No. 384726)
2000 N. 14th Street, Suite 100
Arlington, VA 22201
(703) 525-4000
(703) 525-2207 (facsimile)
Counsel for Sport & Health Clubs, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Reply Memorandum was mailed by first class mail, postage prepaid, to Ron Nichols, Plaintiff *pro se*, 1620 Fuller Street, N.W., Apt. 402, Washington, DC 20009, on this 19th day of May, 2006.

_____
Philip M. Keating