UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RON NICHOLS )
)
    Plaintiff )
)
v. ) CASE NUMBER: 1:05CV01978 JR
)
SPORT & HEALTH CLUBS, INC. )
)
    Defendant )

### DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF"S AMENDED MOTION FOR SUMMARY JUDGMENT

Defendant, **SPORT & HEALTH CLUBS, INC.** ("Sport & Health"), by counsel, and pursuant to Local Civil Rule7(d), hereby submits this Memorandum in Support of its Opposition to Plaintiff's Amended Motion for Summary Judgment in this action.

**I.    Plaintiff's Motion Should Be Denied Due to His Failure To Submit a Statement of Facts As to Which There is No Genuine Issue**

Local Civil Rules 7(h) and 56.1 require that "each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement." LcvR 7(h) and 56.1. Plaintiff did not submit such a statement with his motion. The party opposing a motion for summary judgment is similarly required to submit with its opposition " a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement." LcvR 7(h) and 56.1. Defendant has submitted the statement required by Local Civil Rules 7(h) and 56.1, although it is limited to the issues raised

in Plaintiff's Amended Motion.[1]

The Local Rules are clear as to what occurs if a party involved with a motion for summary judgment does not submit a statement of material facts. Specifically, Local Rule 7(h) and 56.1 provide as follows: "in determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of materials facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." LcvR 7(h) and 56.1. Insofar as Plaintiff has not submitted a statement, there are no facts to be admitted or controverted. Therefore, Defendant submits that Plaintiff's Amended Motion for Summary Judgment should be denied.

The importance of compliance with Local Rules 7 (h) and 56.1 is well established and has been affirmed repeatedly by the U.S. Court of Appeals for the D.C. Circuit. See, *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 322 U.S. App. D.C. 35, 101 F.3d 145 (D.C. Cir. 1996); *Gardels v. Central Intelligence Agency*, 205 U.S. App. D.C. 224, 637 F. 2d 770 (D.C. Circ. 1980). Specifically, the Court in *Gardels v. Central Intelligence Agency* stated as follows:

> Requiring strict compliance with the local rule is justified both by the nature of summary judgment and by the rule's purposes. The moving party's statement specifies the material facts and directs the district judge and the opponent of summary judgment to the parts of the record which the movant believes support his statement. The opponent then has the opportunity to respond by filing a counterstatement and affidavits showing genuine factual issues. The procedure contemplated by the rule thus isolates the facts that the parties assert are material, distinguishes disputed from undisputed facts, and identifies the pertinent parts of the record.

Id. at 773. Indeed, failure to comply with Local Civil Rules 7 (h) and 56.1 may be fatal to

---

[1] By limiting itself to the issues raised in Plaintiff's Motion for Summary Judgment, Defendant does not in any way intend to modify the Statement of Material Facts as to Which There is No Genuine Issue, filed previously with its Motion for Summary Judgment.

Page 3

Plaintiff's position. Id. Given the dispositive nature of the statements in Defendant's submission and the lack of evidence offered by Plaintiff, Plaintiff's Amended Motion for Summary Judgment should be denied.

II. **Plaintiff Fails To Offer Admissible Evidence of The Existence of Genuine Issues of Material Fact Not In Dispute Sufficient To Support His Amended Motion for Summary Judgment**

The standard of review to be utilized by a court considering a motion for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP") is well established. Specifically, "Rule 56 (c) of the Federal Rules of Civil Procedure provides that summary judgment 'shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248; 106 S.Ct. 2505, 2510; 91 L.Ed. 2d 202-211 (1986).

In making the determination of whether summary judgment is appropriate, the Court must view the evidence in the light most favorable to the party against whom the motion is made and draw all reasonable inferences in favor of that party. *See, Holcomb v. Powell*, 433 F. 3d 889, 895; 2006 U.S. App. LEXIS 520 (D. D.C. Cir. 2006). The U.S. Court of Appeals for the D.C. Circuit has instructed as follows:

> "a fact is material" if a dispute over it might affect the outcome of a suit under governing law; factual disputes that are "irrelevant or unnecessary" do not affect the summary judgment determination. An issue is "genuine" if "the evidence is such

that a reasonable jury could return a verdict for the nonmoving party." If there are no genuine issues of material fact, the moving party is entitled to judgment as a matter of law if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

*Holcomb v. Powell*, 433 F.3d at 895, citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986).

In this instance, given that this round of submissions is predicated on Plaintiff's Amended Motion for Summary Judgment, all reasonable inferences and all doubts must be given to the Defendant. Plaintiff's Amended Motion for Summary Judgment consists almost entirely of a re-statement of his opinions as to how Defendant conducted its business, how Defendant treated him and his interpretation of the motives of Defendant and its employees. What is lacking in the Amended Motion and the accompanying exhibits is sufficient evidence to permit a reasonable jury to return a verdict for Plaintiff. *See, Holcomb v. Powell*, 433 F.3d at 895, citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986). In particular, there is no evidence that the legitimate, non-discriminatory reasons proffered by Defendant for its actions are pretext or that any of the purported actions of Defendant were discriminatory. *Aka v. Washington Hospital Center*, 156 F. 3d 1284, 1288-1289 (D.C. Cir. 1998), citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 36. L.Ed. 2d 668, 93 S. Ct. 1817 (1973); *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 57 L.Ed. 2d 207, 101 S. Ct. 1089 (1981). In this regard, it is well established that the burden of persuasion at all times remains with the Plaintiff. *Aka v. Washington Hospital Center*, 156 F. 3d at 1289.

Furthermore, "Rule 56 contemplates that the summary judgment motion shall be accompanied and opposed by "supporting and opposing affidavits ... made on personal knowledge,

Page 5

[which] shall set forth such facts as would be admissible in evidence." *Neal v. Kelly*, 963 F.2d at 457; See also FRCP 56(e). Plaintiff has not submitted valid affidavits or a verified complaint in support of his Amended Motion for Summary Judgment. As a result, there is no admissible evidence offered to satisfy his burden of proving pretext and discrimination on the part of Defendant.

III.   **Plaintiff's Allegations Fail to Establish a Prima Facie Case of Discrimination or Satisfy the McDonnell Douglas Burden Shifting Framework**

There is no dispute that Defendant transferred Plaintiff from the Washington Hilton facility to the Watergate facility in August, 2002. However, Defendant does dispute Plaintiff's characterization of the transfer and offers admissible evidence in support of its position. Specifically, Sport & Health transferred Plaintiff to the Watergate Hotel Club on August 12, 2002 in response to repeated incidents between Plaintiff and guests of the Washington Hilton facility. (See Exhibit 1). In this regard, it is extremely significant that "Mr. Nichols was offered a transfer to the Watergate club at the same rate of pay and number of hours." (See Exhibits 1 and 3). This is further confirmed by the Personnel Record of Plaintiff with Defendant, which reflects the change of location but maintaining the same position and rate of pay. (See Exhibits 2 and 3). Furthermore, Plaintiff accepted the transfer to the Watergate facility. (See Exhibit 1).

To the extent Plaintiff's Amended Motion for Summary Judgment is predicated on the transfer to the Watergate facility, Defendant has submitted sufficient admissible evidence to raise genuine issues of material fact with respect to Plaintiff's Amended Motion. Therefore, Plaintiff's Amended Motion for Summary Judgment must be denied. *See, Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 247-248; 106 S.Ct. at 2510; 91 L.Ed. 2d at 211.

   a.   *Prima Facie* Case

Plaintiff's Amended Motion for Summary Judgement also must be denied on substantive grounds because he has failed to establish a *prima facie* case of discrimination under Title VII or the ADEA. In order to set forth a *prima facie* case of discrimination pursuant to Title VII, "the Plaintiff must establish that (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination." *Brown v. Brody*, 199 F.3d 446, 452 (D.C. Cir. 1999). This requirement of a *prima facie* case is flexible and has been applied in a failure to promote setting by requiring that the Plaintiff establish "(1) she is a member of a protected class; (2) she applied for and was qualified for an available position; (3) despite her qualifications, she was rejected; and (4) either someone filled the position or it remained vacant and the employer continued to seek applicants." *Holcomb v. Powell*, 433 F.3d at 895.

The requirements of a *prima facie* case in the retaliation setting are slightly different than those referenced above for allegations of discrimination on the basis of race and age. Specifically, the Plaintiff in a retaliation case must show "(1) that she engaged in statutorily protected activities; (2) that the employer took an adverse personnel action; and (3) that a causal connection existed between the two." *Brown v. Brody*, 199 F.3d at 452-453, citing *Mitchell v. Baldrige*, 759 F.2d 80, 84 (D.C. Cir. 1985).

Plaintiff's allegation of a transfer to another club cannot meet the adverse personnel action element of the *prima facie* test for discrimination pursuant to Title VII or the ADEA. *Aka v. Washington Hospital Center*, 156 F. 3d 1284, 1288-1289 (D.C. Cir. 1998), citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 36. L.Ed. 2d 668, 93 S. Ct. 1817 (1973); *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 57 L.Ed. 2d 207, 101 S. Ct. 1089 (1981). As set

forth above, the governing rule in the District of Columbia Circuit for discrimination cases involving transfers is the following:

> a plaintiff who is made to undertake or who is denied a lateral transfer–that is, one in which she suffers no diminution in pay or benefits–does not suffer an actionable injury unless there are some other materially adverse consequences affecting the terms, conditions, or privileges of her employment or her future employment opportunities such that a reasonable trier of fact could conclude that the plaintiff has suffered objectively tangible harm. Mere idiosyncrasies of personal preference are not sufficient to state an injury.

*Brown v. Brody*, 199 F. 3d at 457. The court's holding in *Brown* applies squarely to this action.

Given this evidence and the prevailing law in the D.C. Circuit, it must be concluded that Plaintiff has failed to establish the existence of an adverse employment action. It is agreed that Plaintiff transferred from the Washington Hilton facility to the Watergate facility. However, he continued to be employed in the same position and received the same rate of pay. Thus, at a minimum, Plaintiff's Amended Motion for Summary Judgment must be denied as a result of Plaintiff's failure to set forth a *prima facie* case under Title VII or the ADEA. *See*, *Brown v. Brody*, 199 F. 3d at 457.

    b.    *McDonnell Douglas* Framework

Plaintiff is not entitled to summary judgment under the burden shifting framework of *McDonnell Douglas Corp. v. Green.* 411 U.S. 792. . Under this framework, "if the Plaintiff satisfies her *prima facie* case, then the employer must "produce admissible evidence that, if believed, would establish that [its] action was motivated by a legitimate, nondiscriminatory reason." *Carter v. George Washington University*, 387 F. 3d 872, 878 (D.C. Cir. 2004), citing *Teneyck v. Omni Shoreham Hotel*, 361 U.S. App. D.C. 214, 365 F. 3d 1139, 1151 (D.C. Cir. 2004). "Once the employer has met this burden of production, the burdenshifting framework disappears, and a court

reviewing summary judgment looks to whether a reasonable jury could infer intentional discrimination or retaliation from all the evidence, including "(1) the plaintiff's *prima facie* case; (2) any evidence the plaintiff presents to attack the employer's proffered explanation for its action; and (3) any further evidence of discrimination that may be available to the plaintiff (such as independent evidence of discriminatory statements or attitudes on the part of the employer)." *Carter v. George Washington University*, 387 F.3d at 878, citing *Waterhouse v. District of Columbia*, 353 U.S. App. D.C. 205, 298 F. 3d 989, 992-93 (D.C. Cir. 2002) (quoting *Aka v. Washington Hosp. Ctr.*, 332 U.S. App. D.C. 256, 156 F. 3d 1284, 1289 (D.C. Cir. 1998) (en banc)) (internal quotation marks omitted); see also *Kidd v. District of Columbia*, 340 U.S. App. D.C. 362, 206 F. 3d 35, 46 (D.C. Cir. 2000). The *McDonnell Douglas* framework applies to both Title VII and ADEA cases. *Carter v. George Washington University*, 387 F.3d at 878.

Defendant has set forth legitimate, non-discriminatory reasons for its actions with respect to Plaintiff. Yet, Plaintiff has provided no evidence that any of the reasons set forth by Defendant are pretext or that any action of Defendant with respect to Plaintiff was in any way discriminatory.

## IV. Conclusion

The standards for deciding motions for summary judgment are well known, as are the obligations of the parties in Title VII and ADEA actions. In particular, the burdenshifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. at 792, establishes the requirements for the Plaintiff to set forth a *prima facie* case of discrimination and the corresponding obligations of the Defendant to offer legitimate, non-discriminatory job related reasons for its actions. *Id.* At all times, the ultimate burden of proof rests with the Plaintiff.

In the present action, Plaintiff has failed to set forth a *prima facie* case of discrimination

under Title VII and the ADEA. He also has failed to set forth a *prima facie* case of retaliation under those laws. Defendant has demonstrated with respect to all aspects of the Complaint that no adverse action was taken against Plaintiff and, in some instances, there is no allegation the alleged action was causally related to Plaintiff's race or age.

Throughout the Memorandum in Support of Defendant's Motion for Summary Judgment, the Reply to Plaintiff's Opposition, and this Opposition Memorandum, Defendant has offered evidence demonstrating that its actions with respect to Plaintiff were based entirely on legitimate, non-discriminatory, job related reasons. Whether it be the incident with the customer, the transfer from one location to another, interaction with the Fitness Director, and the various allegations concerning commissions and awards, Defendant consistently and repeatedly has offered evidence to substantiate its position that no discrimination occurred in this case. Thus, Defendant has satisfied its burden in the *McDonnell Douglas* framework. *Id.*

In contrast, Plaintiff has provided repeated recitations of his opinions and theories without any admissible evidence to support them. Plaintiff has failed to adequately support his motion for summary judgment both procedurally and substantively. Mere allegations from the Plaintiff are insufficient to support or defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248.

On all of the allegations in the Complaint, Plaintiff has either failed to set forth a *prima facie* case as required, or Defendant has offered evidence showing that it acted on the basis of legitimate, non-discriminatory, job related reasons. Moreover, Plaintiff has offered no evidence that any of the legitimate, non-discriminatory reasons for Defendant's actions are pretext or that any actions of Defendant were in any way discriminatory. For all the reasons set forth herein, Defendant submits

that Plaintiff's Amended Motion for Summary Judgment should be denied.

**WHEREFORE**, Defendant, Sport & Health, respectfully requests that Plaintiff's Amended Motion for Summary Judgment be denied.

Respectfully submitted,

**SPORT & HEALTH CLUBS, INC.**
**By Counsel**

BEAN, KINNEY & KORMAN, P.C.

By: _/s/ Philip M. Keating_
Leo S. Fisher (DC Bar No. 322065)
Philip M. Keating (DC Bar No. 384726)
2000 N. 14th Street, Suite 100
Arlington, VA 22201
(703) 525-4000
(703) 525-2207 (facsimile)
*Counsel for Sport & Health Clubs, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Memorandum was mailed by first class mail, postage prepaid, to Ron Nichols, Plaintiff *pro se*, 1620 Fuller Street, N.W., Apt. 402, Washington, DC 20009, on this 26th day of May, 2006.

_/s/ Philip M. Keating_
Philip M. Keating