UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Ron Nichols )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>Sport & Health Clubs, Inc., )<br>    Defendant. )<br>) | Case No. 1:05CV01978 JR |

### APPEARANCE OF COUNSEL AND
### REQUEST FOR ISSUANCE OF FORMAL BRIEFING SCHEDULE

On February 28, 2006, in the course of a Scheduling Conference in the above-captioned case, the Court instructed Defendant to file for summary judgment prior to discovery. In advance of the Scheduling Conference, Plaintiff, Mr. Nichols, had made a request to the Court for appointment of *pro bono* counsel. In instructing Defendant to move for summary judgment, the Court declined to rule on the request by Mr. Nichols for appointment of counsel, stating: "I am not about to appoint counsel and have everybody go off to the discovery wars for six months and spend all the time and money and energy and effort that goes into building a discovery record if the case can or should be quickly disposed of." (*See Attached Appendix A*)

On March 31, 2006, Defendant moved for summary judgment. Upon a renewed request on the part of Mr. Nichols for appointment of counsel, by Order, dated April 10, 2006, the Court granted the motion for appointment of *pro bono* counsel. However, without filing a formal brief in opposition to Defendant's motion for summary judgment,

RECEIVED

JUL 12 2006

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

by notice dated May 1, 2006, appointed counsel withdrew from representing Mr. Nichols, citing the need to be relieved from the *pro bono* appointment pursuant to Local Rule 83.11(b). Upon *pro bono* counsel's withdrawal, Mr. Nichols, acting *pro se*, filed an informal brief on May 9, 2006, and an informal reply brief on June 7, 2006, in Opposition to Defendant's Motion for Summary.

On June 12, 2006, Mr. Nichols contacted the Howard University Law School Civil Rights Clinic. After researching the merits of the case, on June 23, 2006, the Civil Rights Clinic agreed to serve as Mr. Nichols' *pro bono* counsel. Our research indicates that the case presents meritorious questions of facts and law Mr. Nichols, acting *pro se*, was unable to adequately raise or explore in his informal briefs to the Court. Therefore, as Mr. Nichols' newly retained *pro bono* counsel, we seek to enter the enclosed Appearance of Counsel Form; we also request a formal briefing schedule and pray for permission from the Court to submit a formal brief on behalf of Mr. Nichols.

Dated: July 11, 2006

Respectfully submitted,

_____
Brian Gilmore, Esq.
Bar Identification: 439757
Aderson B. Francois, Esq
Bar Identification: 498544
Howard University School of Law
Clinical Law Center - Civil Rights Clinic
2900 Van Ness Street, NW
Washington, DC 20008
Telephone: (202) 806-8065
Fax: (202) 806-8436

2

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RON NICHOLS,                         :    Civil Action No. 05-1978
                                     :
            Plaintiff                :    February 28, 2006
                                     :
v.                                   :
                                     :
SPORT & HEALTH CLUBS, INC.,          :    4:30 p.m.
                                     :
            Defendant                :
. . . . . . . . . . . . . . . . . . :    . . . . . . . . . . . .


TRANSCRIPT OF SCHEDULING CONFERENCE
BEFORE THE HONORABLE JAMES ROBERTSON
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:       RON NICHOLS, PRO SE
                         1620 Fuller Street, NW
                         Apartment 402
                         Washington, D.C.  20009
                         (202) 462-1980

For the Defendant:       PHILIP MICHAEL KEATING, ESQUIRE
                         BEAN, KINNEY & KORMAN, P.C.
                         2000 North 14th Street
                         Arlington, Virginia  22201
                         (703) 525-4000

Court Reporter:          REBECCA STONESTREET, RPR, CRR
                         Official Court Reporter
                         Room 4802-B, U.S. Courthouse
                         Washington, D.C. 20001
                         (202) 898-9398


Proceedings reported by machine shorthand, transcript produced
by computer-aided transcription.

2

```
 1                P R O C E E D I N G S
 2         COURTROOM DEPUTY:  This is Civil Action Number 05-1978,
 3   Ron Nichols versus Sport and Health Clubs Incorporated.
 4         THE COURT:  Mr. Nichols, you are the plaintiff.  Is
 5   that right?
 6         MR. NICHOLS:  Yes, sir.
 7         THE COURT:  And you don't have a lawyer?
 8         MR. NICHOLS:  No.
 9         THE COURT:  Are you going to get a lawyer?
10         MR. NICHOLS:  I have (inaudible).
11         THE REPORTER:  I'm sorry.  I'm sorry, I can't hear you.
12         THE COURT:  I'm going to ask you to come up here to the
13   podium, please, Mr. Nichols, because there are a lot of people
14   moving around in here and we need to get you on the record
15   clearly.
16         MR. NICHOLS:  Yes, Your Honor.  I've requested that the
17   Court appoint me a civilian pro bono attorney.
18         THE COURT:  Well, do I have that request before me?
19         MR. NICHOLS:  It was submitted, yes, Your Honor,
20   yesterday.
21         THE COURT:  Yesterday.  Well, I actually don't have the
22   file with me.  Michelle, do we have any requests like that?
23         MS. SEDGEWICK:  Not as of when I checked the docket
24   yesterday.
25         THE COURT:  Well, Mr. Nichols, we appoint counsel for
```

1    people who are indigent.
2        MR. NICHOLS:  That's myself.
3        THE COURT:  That's yourself.  Have you filed an
4    affidavit of indigency?
5        MR. NICHOLS:  No, I filed for in forma pauperis.  I
6    didn't know that there was another step that you had to go
7    through.
8        THE COURT:  Well, that's the same thing.  And you filed
9    all that yesterday?
10       MR. NICHOLS:  No, that was filed -- Your Honor, may I
11   give the filings with the stamp to...
12       THE COURT:  Sure.  Now, Mr. Nichols, as you know, as
13   you've been here listening to it, I moved straight from one case
14   to another.  I have a file of this case in my chambers which I
15   did not bring out with me.  But as I recall, part of your
16   complaint is that while you were at the Sport and Health Clubs,
17   another customer assaulted you.  Is that right?
18       MR. NICHOLS:  I was assaulted by an associate of
19   the manager, the general manager.  Yes.
20       THE COURT:  Oh, you mean by an employee of the club?
21       MR. NICHOLS:  No, he was not an employee, but he was
22   the accountant, personal accountant, of the general manager.
23       THE COURT:  Well, who is responsible for that?  Why is
24   Sports and Health Clubs, Inc. responsible for that?
25       MR. NICHOLS:  This man was an intimate associate of the

4

1   general manager, was in the general manager's office all the
2   time, along with the assistant manager to the club.
3           THE COURT:  Did the manager assault you?
4           MR. NICHOLS:  Excuse me?
5           THE COURT:  Did the manager assault you?
6           MR. NICHOLS:  No, Your Honor.
7           THE COURT:  Did the assistant manager assault you?
8           MR. NICHOLS:  No, Your Honor.
9           THE COURT:  If my friend hits you in the mouth, am I
10  liable for it?  I know you're not a lawyer, but, I mean, is that
11  your view of this case, that because it happened in a manager's
12  office, the Sports and Health Club is liable for it?
13          MR. NICHOLS:  Were I not there except as an employee at
14  the behest of Sport and Health, were not but I being there
15  discharging my duties, this man would not have assaulted me.
16          THE COURT:  What were you doing there?
17          MR. NICHOLS:  I was the -- I was the clerk, the front
18  desk person.  And Your Honor, I would like to add, not only did
19  he assault me, he called me nigger at the same time.
20          THE COURT:  Well, that's a grievous assault, sir.  How
21  did he assault you?  Did he hit you, did he strike you?
22          MR. NICHOLS:  He pushed me as I was trying to move away
23  from him.
24          THE COURT:  And what did the manager do?
25          MR. NICHOLS:  On my behalf, nothing, as far as I could

1  tell.
2         THE COURT: Well, what did he do on anybody's behalf?
3  Did he react at all? Did he just sit there and watch it happen?
4  Did he laugh? Did he walk out the door? What happened?
5         MR. NICHOLS: At the time, Your Honor, where this
6  assault took place was not in the office of the general manager.
7  And I would have to explain the layout of the club, but he
8  assaulted me near my duty station. The suspect assaulted me
9  near my duty station.
10        THE COURT: Did you call the police?
11        MR. NICHOLS: I did. I had him arrested, Your Honor.
12        THE COURT: And what happened to him?
13        MR. NICHOLS: As far as I know, nothing. They took
14 him -- it was approximately two weeks or some weeks later that
15 they caught him, and they took him downtown and no paper was put
16 on him, from what I understand.
17        THE COURT: Now, what else is there to this case except
18 that assault by the associate of the general manager? Is that
19 it? Is that what the case is about?
20        MR. NICHOLS: No, Your Honor. It is a case of
21 discrimination based upon me being a black male in the United
22 States.
23        THE COURT: But what -- how were you discriminated
24 against?
25        MR. NICHOLS: I was discriminated against by being

1  passed over in employment and promotion.  I was fired, I was
2  retaliated against for filing a complaint.
3          THE COURT:  All right.  Now, that's the more regular
4  stuff of our courts.  Those cases we can deal with.  Did you go
5  to the EEOC about it?
6          MR. NICHOLS:  I filed a complaint.  I went through the
7  process of --
8          THE COURT:  Do you have a suit letter from the EEOC?
9          MR. NICHOLS:  I did, Your Honor, and it's attached to
10 my documents.
11         THE COURT:  Okay.  Okay.  Let me hear from the
12 defendant.  Where are we going with this case?
13         MR. KEATING:  Good afternoon, Your Honor.  We agree
14 it's primarily a discrimination case.  Mr. Nichols did proceed
15 through the DC Office of Human Rights, and after they found no
16 cause on the charges, they issued a right to sue letter.  So
17 that jurisdictional basis does exist.
18         We obviously have disputed the contentions of
19 discrimination both at the agency level, and continue to do so
20 here.  You know, our primary concern is Mr. Nichols has been
21 proceeding pro se, which presents problems in terms of moving
22 the case along, and so with a scheduling order, obviously we can
23 work out a calendar that works for Mr. Nichols and Sport and
24 Health, and the Court, as well, to move the case.
25         We would expect at some point to proceed for summary

7

1  judgment, but --

2  THE COURT: What would your summary judgment motion be
3  all about?

4  MR. KEATING: Well, for example, on the issue of
5  termination, we would be presenting testimony that the reason
6  the termination occurred at the facility that Mr. Nichols was
7  working at the time, Sport and Health lost their lease for this
8  facility and all of the employees were terminated at the time,
9  as opposed to it being a discrimination issue where Mr. Nichols
10 was singled out.

11 THE COURT: What about the failure to promote?

12 MR. KEATING: Well, the failure to promote, I think as
13 the testimony develops, will show that, among other things,
14 Mr. Nichols did not apply for any of the positions at issue.
15 Mr. Nichols was a part-time employee; the positions that he
16 claims now to have been interested in were all full-time
17 positions. And I think our records will indicate that at all
18 times he had only indicated an interest in a part-time position,
19 and was not -- had neither expressed interest nor would fit the
20 qualifications of the position.

21 THE COURT: All right. My primary interest at the
22 beginning of a lawsuit like this is to try to sort out what is
23 the most efficient way to clear away the dead wood and decide
24 what has to be dealt with. The reason I asked you what your
25 summary judgment motion is all about is because I wanted to know

whether you had some purely legal issues. If you do, those issues should be filed now and not later.

If there is a reason for discovery, at that point I'm going to appoint counsel for Mr. Nichols. But if you file a motion for summary judgment that looks pretty clearly dispositive on its face, I want to look at that before deciding, frankly, whether I want to use one of the pro bono appointments that I have available to me, because that's a limited resource that the Court has.

Now, just from what I've heard so far, it sounds to me, A, like Mr. Nichols' claim of assault by an associate of the manager who was not an employer or officially related to the company is not something that I can or should deal with.

B, if the reason for his termination was that all the employees were terminated when Sport and Health lost its lease, then I don't think he's going to have a case based on termination. And if the termination is the same thing as the retaliation claim, that will probably disappear as a matter of law.

And as far as failure to promote or passed over for promotion is concerned, if it's established properly in a motion for summary judgment that all the promotions were for full-time, that Mr. Nichols was part-time, that he only wanted to be part-time, then he's going to lose that one, too.

But until you file that motion and he gets a chance to

see it and respond to it, I don't know whether we have a lawsuit here or not. And I am not about to appoint counsel and have everybody go off to the discovery wars for six months and spend all the time and money and energy and effort that goes into building a discovery record if the case can or should be quickly disposed of.

So what I want Sport and Health to do is to file your motion for summary judgment. I mean, it doesn't mean that it's -- you know, it may be denied, or parts of it may be denied, but it will, at the very least, help us to understand the case and narrow the issues and decide whether or not Mr. Nichols is to have an attorney.

So how soon can you get that motion filed?

MR. KEATING: First, thank you for your guidance. I would suggest --

THE COURT: How about 30 days?

MR. KEATING: That would be wonderful.

THE COURT: All right. The defendant has 30 days to file a motion for summary judgment.

Now, Mr. Nichols, after he files that, we're going to issue an order here which we call in the parlance of this court a Fox Neal order. A Fox Neal order just says to you, hey, you've got to look at this and you've got to respond to it, and if there are facts in it that you dispute, if there are facts in it you dispute, you've got to file something in affidavit form

that says you dispute it. If there are things you dispute and you don't know how to dispute it, then you can say that, too.

And when I see that motion and your response, then I'll decide whether it's appropriate for me to appoint counsel for you. And that's the way we're going to proceed.

Yes, sir?

MR. NICHOLS: Your Honor, I already dispute what this person is saying about them not hiring people, and that the people -- that they lost their lease and the place was terminated. They did a slight thing of hand of transferring me to a place that they knew was going to be closed, and then the other people that were there were given jobs at various places, except I was not given.

THE COURT: That may very well be the way it shakes out, sir, but this is my way of organizing the facts of this case in a way I can deal with them. And trust me, it's going to be more efficient this way. And if I appoint counsel for you, counsel will hit the ground running because they'll have this stuff to work with. 30 days.

MR. KEATING: Thank you, Your Honor.

THE COURT: Okay. Thank you. We're adjourned for today.

1         CERTIFICATE OF OFFICIAL COURT REPORTER

2

3         I, Rebecca Stonestreet, certify that the foregoing is a

4    correct transcript from the record of proceedings in the

5    above-entitled matter.

6

7

8

9    _____              3-3-06

10   **SIGNATURE OF COURT REPORTER**          **DATE**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Ron Nichols )
    Plaintiff, )
)
v. )
)
Sport & Health Clubs, Inc., )  Case No. 1:05CV01978 JR
    Defendant )
)

## APPEARANCE OF COUNSEL

To the Clerk of this Court and all parties of record:

Please enter the appearance of Brian Gilmore, Esq., Howard University School of Law, Clinical Law Center, as counsel of record for Plaintiff Ron Nichols.

7/11/06
Date

Brian Gilmore, Esq.
Howard University School of Law
Clinical Law Center
2900 Van Ness Street, NW
Washington, DC 20008
Telephone: (202) 806-8065
Facsimile: (202) 806-8436

Bar Identification: 439757

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ron Nichols<br>    Plaintiff,<br><br>v.<br><br>Sport & Health Clubs, Inc.,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:05CV01978 JR<br>)<br>)<br>) |

## ORDER

Upon Plaintiff's motion, it is:

**ORDERED** that Plaintiff's Formal Brief in Opposition to Defendant's Motion for Summary Judgment dated March 31, 2006 shall be served and filed on September 29, 2006; it is

**FURTHER ORDERED** that Defendant's Reply Brief to Plaintiff's Formal Brief in Opposition to Defendant's Motion for Summary Judgment shall be served and filed 14 days after service of Plaintiff's Formal Brief.

 

_____
James Robertson
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Appearance of Counsel, Request for Formal Briefing and Proposed Briefing Order was served by first-class United States Mail, postage prepaid, to the following addresses this 11th of July, 2006:

Leo S. Fisher, Esq.
Bean, Kinney & Korman, P.C.
2000 North 14th Street, Suite 100
Arlington, VA 22201

Attorneys for Defendant
Sports & Health Clubs, Inc.

Aderson B. Francois, Esq.
Howard University School of Law
Clinical Law Center – Civil Rights Clinic
2900 Van Ness Street, NW
Washington, DC 20008
Telephone: (202) 806-8065
Facsimile: (202) 806-8436

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Appearance of Counsel, Request for Formal Briefing and Proposed Briefing Order was served by first-class United States Mail, postage prepaid, to the following addresses this 11th of July, 2006:

Leo S. Fisher, Esq.
Bean, Kinney & Korman, P.C.
2000 North 14th Street, Suite 100
Arlington, VA 22201

Attorneys for Defendant
Sports & Health Clubs, Inc.

---

Aderson B. Francois, Esq.
Howard University School of Law
Clinical Law Center – Civil Rights Clinic
2900 Van Ness Street, NW
Washington, DC 20008
Telephone: (202) 806-8065
Facsimile: (202) 806-8436