UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RON NICHOLS            ) | |
|                        ) | |
| Plaintiff              ) | |
|                        ) | |
| v.                     ) | CASE NUMBER: 1:05CV01978 JR |
|                        ) | |
| SPORT & HEALTH CLUBS, INC. ) | |
|                        ) | |
| Defendant              ) | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S REQUEST TO REOPEN AND/OR TO NULLIFY SUMMARY JUDGMENT PLEADINGS

Defendant, **SPORT & HEALTH CLUBS, INC.**, ("Sport & Health"), by counsel, opposes the request of Plaintiff's new counsel to reopen the briefing of the various motions for summary judgment pending before the Court. Plaintiff, by initiating this action and filing materials with the Court, is fully responsible for compliance with the Federal Rules of Civil Procedure (Fed. R. Civ. P.) and the Local Rules of this Court. In particular, Rule 11 of the Federal Rules of Civil Procedure applies to all parties to an action, whether *pro se* or represented by counsel. Fed. R. Civ. P 11.

Plaintiff has had numerous opportunities to obtain and work with counsel on his behalf. The Court authorized the appointment of counsel for Plaintiff and stayed the proceedings pending such appointment. *Order*, April 10, 2006. Nevertheless, after one counsel withdrew, Plaintiff elected to represent himself, filed oppositions and related documents with the Court, and, as a result, the stay of proceedings was lifted. *Order*, May 15, 2006. The fact that a motion, opposition or, indeed, any filing made with the Court is submitted by a *pro se* party does not in any way render it "informal" or of any lesser consequence. See Fed.R.Civ. P. 11 (b). Plaintiff, like Defendant, is bound by the pleadings, motions and other documents filed with the Court in this action. As such, Defendant has

Page 2

proceeded in good faith in accordance with the *Orders* of this Court, the Federal Rules of Civil Procedure and the Local Rules of this Court, and has spent considerable time and resources in so doing. There is nothing in Plaintiff's new request that warrants what would amount to a nullification of the proceedings in this action to date.

The assertions in the "Appearance of Counsel and Request for Issuance of Formal Briefing Schedule" reinforce the untimeliness and unfairness of the request to reopen or nullify a substantial portion of the proceedings in this action. Specifically, Plaintiff did not even contact the Howard University Law School Civil Rights Clinic until June 12, 2006, well after all the motions, oppositions and replies regarding the summary judgment motions were filed. There is no indication that the resources of the Howard University Law School Civil Rights Clinic, or similar organizations, were unavailable to Plaintiff at any time from the filing of the Complaint in October 2005 to the present. Moreover, the Court responded affirmatively to Plaintiff's request for appointment of counsel in the context of the summary judgment process and Plaintiff failed to take advantage of the Court provided resources. Given this background and the requirements of Rule 11, the request of Plaintiff and his new counsel to render the entire summary judgment process a nullity is entirely unfair and unduly burdensome to Defendant, and, respectfully, an abuse of the Court's procedures.

Finally, Defendant submits that declining to reopen the summary judgment process is consistent with the Court's *Order* of May 24, 2006. If some or all of Plaintiff's action remains after decision is rendered on the pending Motions for Summary Judgment, the Court undoubtedly will set a schedule for the case and Plaintiff, with or without counsel, will have the full opportunity to pursue his claims in accordance with applicable rules.

Wherefore, Defendant respectfully submits that Plaintiff's request to reopen and, indeed,

Page 3

nullify the summary judgment process that has transpired in this action is unwarranted and that the request for a new briefing schedule should be denied.

                                                Respectfully submitted,

                                                **SPORT & HEALTH CLUBS, INC.**
                                                **By Counsel**

BEAN, KINNEY & KORMAN, P.C.

By: _/s/ Philip M. Keating_
      Leo S. Fisher (DC Bar No. 322065)
      Philip M. Keating (DC Bar No. 384726)
      2000 N. 14th Street, Suite 100
      Arlington, VA 22201
      (703) 525-4000
      (703) 525-2207 (facsimile)
      *Counsel for Sport & Health Clubs, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was mailed by first class mail, postage prepaid to Brian Gilmore, Esquire & Aderson B. Francois, Esquire, Howard University School of Law, Clinical Law Center - Civil Rights Clinic, 2900 Van Ness Street, N.W., Washington, DC 20008, *counsel for Plaintiff,* on this 14th day of July, 2006.

                                                  _/s/ Philip M. Keating_
                                                  Philip M. Keating