UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RON NICHOLS,                            :
                                        :
                  Plaintiff,            :
                                        :
                                        :
                                        :
        v.                              :        Civil Action No. 05-1978 (JR)
                                        :
                                        :
SPORT & HEALTH CLUBS, INC.,             :
                                        :
                  Defendant.            :


PLAINTIFF'S & DEFENDANT'S JOINT LOCAL CIVIL RULE 16.3 REPORT

**Introduction**

Plaintiff filed a *pro se* age and race employment discrimination complaint, alleging that Defendant failed to promote him, retaliated against him, engaged in constructive discharge, and created a hostile work environment in violation of Title VII of the 1964 Civil Rights Act. Upon the parties' cross motion for summary judgment, the Court entered an Order on February 1, 2007, granting Defendant's motion on Plaintiff's retaliation, constructive discharge and hostile work environment claims, but denying summary judgment on the failure to promote claim and denying Plaintiff's cross-motions. The Court further ordered the parties to confer pursuant to Local Civil Rule (LCvR) 16.3 on the failure to promote claim and appear for a scheduling conference on February 23, 2007. The parties have conferred and now by their counsel submit the following report in accordance to LCvR 16.3.

## **Settlement Discussions**

In its February 1 Order, the Court noted that "[s]hould plaintiff prevail on his claim, his recovery would likely be limited to the difference in salary between his part-time position and that of the assistant manager position for the period of April 2001 to August 2002." In the wake of the Court's Order, Defendant has submitted an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure "in the amount of $5,000.00, inclusive of all allowable costs incurred to date." In substance, this offer of judgment reiterates a settlement offer Defendant made prior to the Court's February 1 Order, which Plaintiff rejected, believing it did not fairly compensate for this loss. As to the present offer of judgment, Plaintiff is unable to adequately consider the offer without discovery materials from Defendant, showing salary and commission information for assistant managers during the relevant period noted in the Court's February 1 Order.

## **Alternative Dispute Resolution**

The parties have previously participated in an alternative dispute resolution procedure with the D.C. Office of Human Rights and at present do not believe that such procedures would be productive to settlement. The parties have not yet exchanged discovery materials and Plaintiff believes he does not have sufficient information to permit him to evaluate any offers from Defendant  and, until such discovery occurs, court-sponsored mediation and other neutral evaluative procedures are unlikely to lead to a settlement. However, Defendant is willing to provide information to Plaintiff on the comparative salary issue, within appropriate limits and within an alternative dispute resolution framework directed by the Court, in an effort to resolve this matter promptly.

**Dispositive Motions**

In denying Defendant's motion for summary judgment on Plaintiff's failure to promote claim, the Court held that "a genuine issue of material fact is presented on the failure to promote claim."   As with settlement discussions, dispositive motions will depend in great part on further discovery regarding Plaintiff's application for the assistant manager position and salary and commission data for the position during the period of April 1, 2001 to August 2002.

**Discovery Schedule**

The parties propose the following discovery plan and have agreed as follows:

1.    Plaintiff shall make his expert disclosures as required by Rule 26(a)(2) on or before May 1, 2007.

2.    Defendant shall make its expert disclosures as required by Rule 26(a)(2) on or before June 1. 2007.

3.    Plaintiff shall make his rebuttal expert disclosures as required by Rule 26(a)(2) by June 15, 2007.

4.    The parties shall complete all fact and expert discovery by July 16, 2007.

5.    Each party shall be entitled to take five (5) non-party, non-expert depositions.

6.    The parties agree that that this case should not be assigned to a magistrate judge.

7.    The parties stipulate to dispense with the initial disclosures required by Rule 26(a)(1).

8.    The parties reserve the right to modify the foregoing deadlines, subject to the Court's approval.

Dated: February 23, 2007

Respectfully submitted,

_____
Aderson B. Francois, Esq
Bar Identification: 498544
Howard University School of Law
Clinical Law Center - Civil Rights Clinic
2900 Van Ness Street, NW
Washington, DC  20008
Telephone: (202) 806-8065
Fax: (202) 806-8436
Counsel for Plaintiff Ron Nichols

_____
Leo S. Fisher
Bar Identification : 322065
Philip M. Keating
Bar Identification: 384726
Bean, Kinney & Korman, P.C.
2300 Wilson Boulevard, 7th Floor
Arlington, VA 22201
Telephone: (703) 525-4000
Facsimile: (703) 525-2207
Counsel for Defendant Sport & Health Clubs, Inc.

SO ORDERED this __ day of February, 2007.

_____
UNITED STATES DISTRICT JUDGE