UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RON NICHOLS** </br></br> Plaintiff </br></br> v. </br></br> **SPORT & HEALTH CLUBS, INC.** </br></br> Defendant | ) </br> ) </br> ) </br> ) </br> ) CASE NUMBER: 1:05CV01978 JR </br> ) </br> ) </br> ) </br> ) |

**PRETRIAL STATEMENT OF DEFENDANT,
SPORT AND HEALTH CLUBS, INC.**

Sport and Health Clubs, Inc (hereinafter "Sport & Health"), by counsel, hereby submits its pretrial statement.

**A. Statement Of The Case**

Plaintiff, Ron Nichols (hereinafter "Nichols"), filed a complaint of discrimination under Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act, against Sport & Health. Sport & Health employed Mr. Nichols.

The Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. §1331. By *Order* dated February 1, 2007, the Court granted Sport & Health's motion for summary judgment, in part, and denied Plaintiff's cross motion for summary judgment in its entirety. As a result of this *Order*, the remaining factual issues in the case involve whether Plaintiff was discriminated against on account of his race and age because he was not promoted to the position of Assistant Manager with Sport & Health.

**B. Statement Of Claims Made By The Party**

Sport & Health has not made any cross claims, counter claims or third-party claims in this action. Thus, the only claim before the Court is the discrimination allegation of the Plaintiff with respect to the issue of a promotion to the position of an Assistant Manager.

**C. Statement of Defenses**

Sport & Health has set forth and will offer evidence in support of the following defenses:

(1) Plaintiff was not qualified for the position of Assistant Manager; (2) The position of Assistant Manager was a full- time position and Plaintiff only was interested in part-time work; and (3) Plaintiff never applied for the position of Assistant Manager, formally or informally.

**D. Schedule of Witnesses**

Sport & Health may call some or all of the following witnesses:

(1.) Jill Brown, Sport & Health, 1953 Gallows Road, Vienna, VA 22182. Ms. Brown will testify as the custodian of the personnel records of Sport & Health, and the personnel procedures of Sport & Health.

(2.) Carlo Della Mea, Florida. Mr. Della Mea will testify concerning the operations at the Washington Hilton Sport & Health Club, the employment and job performance of Mr. Nichols at the Washington Sport & Health Club, whether Mr. Nichols expressed interest in becoming an Assistant Manager, and the hiring of an Assistant Manager at the Washington Hilton Sport & Health Club.

(3.) Pam Curran (1112 16th Street, NW, 7th Floor, Washington, D.C 20036). Ms. Curran will testify concerning the personnel procedures of Sport & Health, the employment and job performance of Mr. Nichols at the Washington Sport & Health Club, whether Mr. Nichols expressed any interest in becoming an Assistant Manager, and the hiring of an Assistant Manager at the

Washington Hilton Sport & Health Club.

    (4.) Tom Cong, Washington Hilton Sport & Health Club, 1919 Connecticut Avenue, NW, Washington, D.C. 20009. Mr. Cong will testify concerning the job performance of Mr. Nichols at the Washington Hilton Sport & Health Club.

    (5.) Ron Nichols

    (6.) Any witness identified or called by Plaintiff

### E. Exhibits

**Sport & Health expects to offer the following exhibits:**

(1) Application for Employment of Ron Nichols;

(2) Resume of Ron Nichols;

(3) Certification concerning receipt of Employee Manual signed by Ron Nichols;

(4) Performance assessment of Ron Nichols prepared by Cicily Blackman;

(5) Equal Employment Opportunity Policy of Sport & Health from the Employee Manual Provided to Ron Nichols; and,

(6) Job Description for the Position of Assistant Manager/Front Desk Supervisor.

**Sport & Health may offer the following exhibits if the need arises:**

(1) Personnel Record forms of Sport & Health concerning Ron Nichols;

(2) Payroll records for Ron Nichols;

(3) Payroll records showing hours worked by Ron Nichols by pay period;

(4) Above and Beyond Employee Recognition Award to Ron Nichols as a Part Time employee at the Washington Hilton Sport and Health Club;

(5) Any exhibits listed or introduced by Plaintiff.

**F. Designation of Depositions**

Sport and Health may offer the following depositions into evidence.

(1.) Deposition of Ron Nichols. Counsel does not have the transcript of this deposition yet and may need to supplement this statement.

(2.) Deposition of Carlo Della Mea. This deposition has not been taken yet, and counsel for Sport & Health may seek to proceed with a *de bene esse* deposition.

**G. Itemization of Damages**

Sport and Health is not seeking any damages in this action.

**H. Request For Other Relief**

Sport and Health seeks to have this action dismissed in its entirety with prejudice.

Respectfully submitted,

**SPORT & HEALTH CLUBS, INC.
By Counsel**

BEAN, KINNEY & KORMAN, P.C.

By:   /s/ Philip M. Keating
      Leo S. Fisher (DC Bar No. 322065)
      Philip M. Keating (DC Bar No. 384726)
      2300 Wilson Boulevard, 7th Floor
      Arlington, Virginia 22201
      (703) 525-4000
      (703) 525-2207 (facsimile)
      Counsel for Sport & Health Clubs, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2007, a copy of the foregoing was served by mailing a copy thereof via first-class mail, to:

>Brian Gilmore, Esquire
>Aderson B. Francois, Esquire
>Howard University School of Law
>Clinical Law Center - Civil Rights Clinic
>2900 Van Ness Street, N.W.,
>Washington, DC 20008

>/s/ Philip M. Keating
>Philip M. Keating