UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RON NICHOLS,                          :
                                      :
                Plaintiff,            :
                                      :
                                      :
                                      :
        v.                            :        Civil Action No. 05-1978 (JR)
                                      :
                                      :
SPORT & HEALTH CLUBS, INC.,           :
                                      :
                Defendant.            :


PLAINTIFF RON NICHOLS' PRE-TRIAL STATEMENT


**Statement of the Case**

Plaintiff filed a *pro se* age and race employment discrimination complaint, alleging that Defendant failed to promote him, retaliated against him, engaged in constructive discharge, and created a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 et seq., and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq.  The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §1331.

Upon the parties' cross motion for summary judgment, the Court entered an Order on February 1, 2007, granting Defendant's motion on Plaintiff's retaliation, constructive discharge and hostile work environment claims, but denying summary judgment on the failure to promote claim and denying Plaintiff's cross-motions.  Specifically, the Court held that Plaintiff had made a prima facie case of a discriminatory failure to promote and that Defendant had failed to rebut Plaintiff's prima facie case.

1

## Statement of Claims by Ron Nichols

Mr. Nichols began employment with Sport & Health Clubs ("S&H) in or about July 1997 as a part-time desk clerk and "manager on duty" in S&H's then Hilton Hotel club location.  In or about May 2000, a club patron called Mr. Nichols a "nigger."  S&H retaliated against Mr. Nichols as a result of his complaining to management about the incident.  Thus, whereas Mr. Nichols had ample experience and had previously been afforded the opportunity to serve as "manager on duty," following the "nigger" incident, the then club General Manager retaliated against Mr. Nichols by suddenly ceasing to provide him with the assignment.

In April 2001, the position of Assistant Manager at the Hilton Hotel club location became open and Mr. Nichols applied for it with Mr. Della Mea.  On several occasions, Mr. Nichols approached Mr. Della Mea, inquired about the position, and indicated that he wished to be considered for it. Mr. Della Mea refused to provide Mr. Nichols with any further information about the position but instead indicated that, as the General Manager, he intended to carry out the duties of Assistant Manager himself and would not be hiring for the position. Yet, soon thereafter, and in spite of Mr. Della Mea's representations that no Assistant Manager would be hired, S&H offered the position to Ms. Kiri Kirshner, a 20-year old Asian female with far less educational and professional experience than Mr. Nichols.

## Statement of Sport & Health Club's Defenses

Defendant alleges that Plaintiff never applied for the position, that the position of Assistant Manager was a full-time position and Plaintiff was interested in part-time work, and that, in any event, Plaintiff was not qualified for the position.

## Schedule of Witnesses to be Called by Ron Nichols

Mr. Nichols may call some or all of the following witnesses:

1. Ron Nichols.

2. Cicily Blackman.  Ms. Blackman was the Assistant Manager at the Hilton Hotel club location until April 2001 and will testify to Mr. Nichols' qualifications for the position, his understanding of and interest in the position of full-time Assistant Manager, and his application for the position with Mr. Carlo Della mea, the club's then General Manager.

3. Carlo Della Mea.  Mr. Della Mea will testify that Mr. Nichols understood the position of Assistant Manager as requiring full-time working and applied for it as such.

4. Any witness identified or called by S&H.

## Exhibits to be Presented by Ron Nichols

Mr. Nichols expects to present the following exhibits:

1. Resume of Ron Nichols.

2. Job Description for "Manager-on-Duty" position.

3. 2001 & 2002 Federal W2 Forms for Ron Nichols.

4. 2001 & 2002 Federal W2 Forms for Kiri Kirshner.

## Designation of Depositions by Ron Nichols

Mr. Nichols may offer the following depositions into evidence:

1. Deposition of Ron Nichols

2. Deposition of Cicily Blackman.  This deposition has not yet been taken but Counsel for Mr. Nichols has consulted with Counsel for S&H regarding a mutually agreeable time.

3. Deposition of Carlo Della Mea. This deposition has not yet been taken.

### Itemization of Damages

In its February 1 Order, the Court noted that "[s]hould plaintiff prevail on his claim, his recovery would likely be limited to the difference in salary between his part-time position and that of the assistant manager position for the period of April 2001 to August 2002."  Using this 78-week baseline, Mr. Nichols's damages may be calculated as follows:

1. Between April 2001 and August 2002, Mr. Nichols' earnings amounted to $15,573.96.  During the same time period, Ms. Kirshner, who was ultimately hired for the position of Assistant Manager, earned $45,434.62.  The differential in earnings amounts to $29,860.66.

2. In addition to the salary differential, the full-time Assistant Manager position entitled Mr. Nichols to increased contributions by S&H to its 401K retirement plans.  Mr. Nichols currently estimates the contributions earned by the Assistant Manager between April 2001 to August 2002 to be no less than $2,500.

3. Mr. Nichols is entitled to damages for pain and suffering and mental anguish.

4. Mr. Nichols is entitled to pre-judgment interest, as well as any attorney's fees applicable under Title VII.

### Other Relief Requested

Mr. Nichols does not seek any relief other than the itemized damages above.

Dated: April 2, 2007

Respectfully submitted,

/s/ Aderson B. Francois_____
Aderson B. Francois, Esq
Bar Identification: 498544
Howard University School of Law
Clinical Law Center - Civil Rights Clinic
2900 Van Ness Street, NW
Washington, DC  20008
Telephone: (202) 806-8065
Fax: (202) 806-8436
Counsel for Plaintiff Ron Nichols

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 2, 2007, a copy of the foregoing

Pre-Trial Statement was served by first-class United States Mail, postage prepaid, to the

following address.


Leo S. Fisher, Esq.
Bean, Kinney & Korman, P.C.
2000 North 14th Street, Suite 100
Arlington, VA 22201

Attorneys for Defendant
Sport & Health Clubs, Inc.


                                          _____
                                          Aderson B. Francois, Esq.
                                          Howard University School of Law
                                          Clinical Law Center – Civil Rights Clinic
                                          2900 Van Ness Street, NW
                                          Washington, DC 20008
                                          Telephone: (202) 806-8065
                                          Facsimile: (202) 806-8436